MARCUM, Appellee,

v.

BARRY, Admr., Appellant;

Columbus Auto Parts, Appellee.

[Cite as *Marcum v. Barry* (1991), 76 Ohio App.3d 536.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–734.

Decided Dec. 19, 1991.

*John R. Workman,* for appellee Harmon Marcum.

*Lee Fisher,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellant Administrator, Bureau of Workers' Compensation.

*McNamara & McNamara* and *Mark W. Bean,* for appellee Columbus Auto Parts.

---

WHITESIDE, Judge.

Patricia K. Barry, the Administrator of the Bureau of Workers' Compensation, appeals from a judgment of the Franklin County Court of Common Pleas remanding an action initiated as an appeal from the Industrial Commission to the Industrial Commission for readjudication of the factual issues utilizing the legal standard as determined by the trial court. Appellant raises a single assignment of error, as follows:

"The trial court erred in remanding the issue of the merits of this workers' compensation claim back to the Industrial Commission for an administrative readjudication under the standard of law established in *Schell v. Globe Trucking* [, *Inc.*] (1990), 48 Ohio St.3d 1 [548 N.E.2d 920]."

The basic issue before us is application of R.C. 4123.519 and the procedure and jurisdiction to be exercised by the court of common pleas in an appeal to it from the Industrial Commission under such section. Specifically, the issue is whether the entire case is before the court of common pleas *de novo* so that all factual and legal issues are to be resolved by that court, or whether the appeal is an error proceedings whereby the common pleas court, when it finds legal error, may remand the matter to the Industrial Commission for redetermination of the factual issues.

Neither the trial court nor appellee makes any analysis of a basis for remand other than to cite the case of *Borbely v. Prestole Everlock, Inc.* (1991), 57 Ohio St.3d 67, 565 N.E.2d 575, wherein the Supreme Court apparently remanded a case to the Industrial Commission, rather than to the trial court

for application of the appropriate law. *Borbely,* however, is not authority for the position taken by the trial court, the issue being neither discussed nor determined by the Supreme Court in *Borbely.* See the first paragraph of the syllabus of *State ex rel. Gordon v. Rhodes* (1952), 158 Ohio St. 129, 107 N.E.2d 206. Whatever may be the reason that the last paragraph of the decision of *Borbely* without further elucidation refers to a remand to the Industrial Commission upon an apparent R.C. 4123.519 appeal, nothing in *Borbely* suggests that, if some error of law be found, a common pleas court may avoid the responsibility of determining the merits of the matter *de novo* as mandated by R.C. 4123.519 by instead remanding the matter to the Industrial Commission. Most certainly, the syllabus of *Borbely* does not so suggest. Although we should not be and are not unmindful of the suggestion of the trend of the law that may be set forth in a Supreme Court opinion, but not included in the syllabus, we also must look to Rule 1(B) of the Supreme Court Rules for the Reporting of Opinions, which states that:

"The syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication."

Under the circumstances, the reference to the remand being to the Industrial Commission, without further elucidation, should be considered *dicta* rather than the promulgation of a rule of law with respect to the application of R.C. 4123.519.

The jurisdiction of, and procedure to be followed, by the court of common pleas in an appeal from a decision of the Industrial Commission or a staff hearing officer is set forth in R.C. 4123.519, which provides in pertinent part:

"(A) The claimant or the employer may appeal a decision of the industrial commission or its staff hearing officer * * * other than a decision as to the extent of disability, to the court of common pleas * * *. Notice of the appeal shall be filed by the appellant with a court of common pleas within sixty days after the date of the receipt of the decision appealed from * * *. The filings shall be the only act required to perfect the appeal. * * *

" * * *

"(C) Upon receipt of notice of appeal the clerk of courts shall cause notice to be given to all parties who are appellees and to the commission.

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil

Procedure * * *. The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action.

"(D) The court shall certify its decision to the commission and the certificate shall be entered in the records of the court and appeal from the judgment shall be governed by the law applicable to the appeal of civil actions. " * * *

"(F) If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate in the fund, the commission and the administrator shall thereafter proceed in the matter of the claim as if the judgment were the decision of the commission, subject to the power of modification provided by section 4123.52 of the Revised Code."

Although labeled an appeal and commenced initially by the filing of a notice of appeal, the action in the common pleas court under R.C. 4123.519 seeking a redetermination of a decision of the Industrial Commission is not a traditional error proceedings but, instead, is somewhat similar to the law and fact appeal formerly available to the court of appeals from some trial court decisions but abolished by App.R. 2. R.C. 4123.519 contemplates not only a full and complete *de novo* determination of both facts and law but also contemplates that such determination shall be predicated not upon the evidence adduced before the Industrial Commission but, instead, upon evidence adduced before the common pleas court as in any civil action, which may involve a jury trial if demanded. The proceedings are *de novo* both in the sense of receipt of evidence and determination. The common pleas court, or the jury if it be the factual determiner, makes the determination *de novo* without consideration of, and without deference to, the decision of the Industrial Commission. R.C. 4123.519 contemplates a full *de novo* hearing and determination. See *Jones v. Keller* (1966), 9 Ohio App.2d 210, 38 O.O.2d 217, 223 N.E.2d 657.

As indicated above, R.C. 4123.519 does not treat the "appeal" from the Industrial Commission to the common pleas court as an error proceedings but, instead, makes the appeal essentially one on questions of both law and fact (see R.C. 2505.01[A][3]) and goes even further and requires a trial *de novo* on newly adduced evidence, as well as a determination *de novo*. With respect to an R.C. 4123.519 appeal, there are no words such as "review, affirm, modify, or reverse" as are contained in R.C. 2505.02, nor even the word "affirm" or the words "reverse, vacate, or modify" as set forth in R.C. 119.12 with respect to administrative appeals generally. Rather, the express language of R.C. 4123.519 is that contained in division (C) that the court or jury shall "determine the right of the claimant to participate or to continue to participate in the

fund *upon the evidence adduced at the hearing of the action."* (Emphasis added.)

Having analogized the R.C. 4123.519 "appeal" to a common pleas court for *de novo* determination to the former procedure in appeals upon questions of law and fact to courts of appeals upon the evidence adduced in the trial court, it is appropriate to look to the rule with respect to the power of a court of appeals to remand a cause to the trial court if some error of law be found. The Supreme Court in *Lincoln Properties v. Goldslager* (1969), 18 Ohio St.2d 154, 47 O.O.2d 316, 248 N.E.2d 57, expressly held that the court of appeals had no power to remand the cause to the trial court for a new trial, the procedure being outlined in the syllabus of that case, as follows:

"1. A trial *de novo* is an independent judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal.

"2. Parties to an appeal on questions of law and fact are entitled to a trial *de novo*, and the appellate court must determine the facts and give judgment disposing of the issues of law and fact as if no trial had been had in the lower tribunal.

"3. In an appeal on questions of law and fact, a Court of Appeals is without power to remand the cause to the inferior court for further proceedings tantamount to a new trial, but is required to substitute its independent judgment for that of the inferior court and to grant final judgment in accordance with its findings on the evidence before it."

See, also, *Beeler v. R.C.A. Rubber Co.* (1989), 63 Ohio App.3d 174, 578 N.E.2d 496, which expressly holds a common pleas court has no power to remand an R.C. 4123.519 appeal to the Industrial Commission.

We see no reason to apply a different principle with respect to an R.C. 4123.519 "appeal" especially since, not only is the determination *de novo*, but the trial, including the production of evidence, is also *de novo*. It is improper for the common pleas court to rely upon the evidence adduced before the Industrial Commission unless the parties stipulate that evidence.

Under these circumstances, and applying the third paragraph of the syllabus of *Lincoln Properties*, and following *Beeler*, we find that a court of common pleas in an appeal from a decision of the Industrial Commission has no power to remand the cause to the Industrial Commission for further proceedings—the equivalent of a new trial before the Industrial Commission. Nor is such power somehow conferred because the Industrial Commission applied the wrong rule of law in determining the matter upon its facts. There

is a mandatory duty upon a court of common pleas to proceed to a final determination of the appealed issues, especially the right to participate in the Workers' Compensation Fund upon the law and the evidence adduced before that court. Such duty cannot be avoided by remand to the Industrial Commission. Accordingly, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and MCCORMAC, J., concur.