MARTIN, Appellant,

v.

LOUISIANA–PACIFIC CORP. et al., Appellees.

[Cite as *Martin v. Louisiana–Pacific Corp.* (1996), 113 Ohio App.3d 332.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17695.

Decided Aug. 7, 1996.

*Dennis O. Norman,* for appellant.

*Thomas M. McCarty,* for appellee Louisiana–Pacific Corp.

*Betty D. Montgomery,* Attorney General, and *Sandra L. Nimrick,* Assistant Attorney General, for appellees Industrial Commission and Administrator of Bureau of Workers' Compensation.

REECE, Judge.

Appellant, Mabel Martin, appeals from the decision of the court of common pleas dismissing her administrative appeal for lack of subject-matter jurisdiction. We affirm.

I

In 1984, Mabel Martin worked for the Louisiana–Pacific Corporation, Weather–Seal Division, as a saw operator. On Wednesday, June 6, 1984, Martin was injured at work. She sustained an acute cervical strain, fractured ribs and a tear of the right rotator cuff. Martin filed a workers' compensation claim and was awarded the right to participate for her conditions. In September 1993, Martin filed a claim for temporary total disability compensation due to the injury to her right shoulder. Louisiana–Pacific objected to the motion, alleging Martin had voluntarily retired in 1990.

On May 17, 1995, a hearing was conducted before an Industrial Commission district hearing officer. The hearing officer awarded Martin temporary total disability compensation covering the period from May 15, 1990 to September 14, 1994. Louisiana–Pacific appealed. On June 29, 1995, an Industrial Commission staff hearing officer granted Louisiana–Pacific's appeal and reversed the May 17, 1995 decision. The hearing officer determined Martin retired on August 1, 1990, selecting regular retirement over disability retirement in executing her retirement agreement. Therefore, Martin was not eligible for temporary total disability compensation.

Martin appealed the staff hearing officer's decision to the Industrial Commission. Her appeal was refused on July 27, 1995. Thereafter, Martin appealed to

the Summit County Court of Common Pleas. On January 18, 1996, the court of common pleas dismissed Martin's appeal because it lacked subject-matter jurisdiction over the appeal pursuant to R.C. 4123.512. This appeal followed.

## II

Martin assigns the following errors:

"1. The trial court erred as a matter of law in granting the defendant's motion to dismiss.

"2. The trial court erred as a matter of law in failing to determine a factual issue properly before it on appeal of a workers' compensation case as provided by O.R.C. Section 4123.512.

"3. Whether or not one has voluntarily resigned from employment or been forced to involuntarily leave employment because of injury-induced disability is a question of fact which may be determined by action in the common pleas court after the exhaustion of administrative remedies before the Industrial Commission."

Because Martin's assignments of error are essentially three forms of the same claimed error, i.e., that the court of common pleas improperly dismissed her appeal for lack of jurisdiction, we will address them collectively.

R.C. 4123.512(A) provides:

"The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 * * * of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state."

The Supreme Court of Ohio has interpreted this provision (formerly R.C. 4123.519[A]) narrowly, determining that only those decisions involving a claimant's right to participate or to continue to participate in the State Insurance Fund are appealable to the courts of common pleas. *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 236, 602 N.E.2d 1141, 1143–1144, citing *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Despite the numerous cases decided on this issue, confusion has remained involving the right to judicial review of Industrial Commission decisions. The Supreme Court, in explaining litigants' rights, clarified the issue in *Felty, supra:*

"The most limited form of judicial review of commission decisions is by direct appeal to the common pleas court. Because the workers' compensation system

was designed to give employees an exclusive statutory remedy for work-related injuries, 'a litigant has no inherent right of appeal in this area * * *.' Therefore, a party's right to appeal workers' compensation decisions to the courts is conferred solely by statute.

"* * *

"The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency. Unless a narrow reading of R.C. [4123.512] is adhered to, almost every decision of the commission, major or minor, could eventually find its way to the common pleas court. Thus, a long line of cases, with only a few deviations along the way, led to the formulation of this now-settled precept: The *only* decisions of the commission that may be appealed to the courts of common pleas under R.C. [4123.512] are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund. * * *

"Notwithstanding the seemingly clear rule * * *, questions persisted concerning the types of decisions that are appealable. The difficulty was the precise meaning of the term 'right to participate.' The meaning of this term was specifically addressed in *State ex rel. Evans v. Indus. Comm.* [ (1992), 64 Ohio St.3d 236, 594 N.E.2d 609].

" * * * The rule we followed was stated in paragraph one of the syllabus: 'An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim.'" (Citations and footnote omitted; emphasis *sic*.) *Felty*, 65 Ohio St.3d at 237–239, 602 N.E.2d at 1144–1145.

■ Nevertheless, the rule stated in *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, has required further clarification. Confusion persists as to the meaning of the word "claim" in relation to the question of appellate jurisdiction. "A 'claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease." *Felty*, 65 Ohio St.3d at 239, 602 N.E.2d at 1145. Only the essential decision to grant, deny or terminate the employee's participation or continued participation in the system is appealable under R.C. 4123.512. *Id.* An appeal to the court of common pleas is limited to the decision regarding whether an employee is or is not entitled to compensation for a particular claim. Decisions concerning the extent of an injury are not appealable. *Id.* at 240, 602 N.E.2d at 1146.

■ This court previously decided the issue now before us. See *Beeler v. R.C.A. Rubber Co.* (1989), 63 Ohio App.3d 174, 578 N.E.2d 496. In *Beeler*, we held that the administrative determination that Beeler was not entitled to

temporary total disability compensation, where he had already been permitted participation in the State Insurance Fund, was not appealable pursuant to R.C. 4123.519 (now R.C. 4123.512). Determining the court of common pleas lacked subject-matter jurisdiction over Beeler's claim, this court stated:

"Beeler ignores the fact that he indeed participated in the fund. The commission ordered that the medical costs associated with his allowed claim for eczematous dermatitis be paid. Once a claimant's right to participate in the fund for a specific condition has been determined, any further determination by the commission as to the computation of compensation payable reflects the extent of disability, not the existence, and is not appealable pursuant to R.C. [4123.512]." *Beeler, supra,* 63 Ohio App.3d at 177, 578 N.E.2d at 498.

The same holds true for the case *sub judice.* Martin's claim for acute cervical strain, fractured ribs and a torn right rotator cuff was allowed, and she was permitted to participate in the State Insurance Fund. The determination that she was not entitled to receive temporary total disability compensation for the period from May 15, 1990 to September 14, 1994 reflected the extent of Martin's disability, not her right to participate in the system due to her specific injuries.

Accordingly, Martin's assignments of error are overruled.

### III

Martin's three assignments of error are overruled and the judgment of the court of common pleas, dismissing Martin's claim for lack of subject-matter jurisdiction pursuant to R.C. 4123.512, is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.