Cupp, J.
*330 {¶ 1} This appeal presents issues regarding the scope of a workers’ compensation appeal in common pleas court pursuant to R.C. 4123.512. Specifically, we must resolve whether in that proceeding to determine a claimant’s right to participate in the workers’ compensation fund, the court is limited to considering those issues that were specifically determined by the Industrial Commission below, or whether the de novo nature of the proceeding obligates the claimant to present and the court to consider all the evidence necessary for determining the claimant’s right to participate.
{¶ 2} For the reasons that follow, we hold that the de novo nature of an R.C. 4123.512 appeal proceeding puts at issue all elements of a claimant’s right to participate in the workers’ compensation fund. We accordingly affirm the judgment of the court of appeals.
I. Facts and Procedural History
{¶ 3} On February 28, 2006, appellant, Mark A. Bennett, was involved in an automobile accident while en route to the central office of his employer, Goodremont’s, Inc., in Toledo. About a month later, Bennett filed a claim with the Bureau of Workers’ Compensation (“BWC”) for injuries to his head, neck, and back that he claimed to have suffered in the accident, along with his statement that he had been treated for a concussion and multiple disk herniation.[1] Bennett claimed that his main office was in his home and that therefore, he was on company business' when he was injured en route to his employer’s office. Goodremont’s denied certification of the claim, asserting that the accident occurred while Bennett was commuting to work, and therefore, “his workday had not yet begun.”
{¶ 4} The BWC issued an initial order disallowing the claim, stating, “The employee did not sustain an injury in the course of and arising out of employment. The employee was going to or coming from work.” Upon Bennett’s administrative appeal of that order, a district hearing officer for the Industrial Commission held a hearing and affirmed the order of the BWC disallowing the claim. Bennett appealed that order also, but a staff hearing officer for the Industrial Commission upheld the disallowance of the claim. Under R.C. 4123.511(E), the Industrial Commission declined to hear Bennett’s further appeal. Its order informed Bennett of the opportunity to appeal to the common pleas *331 court pursuant to R.C. 4123.512, adding that decisions as to the extent of disability are not appealable.
{¶ 5} Bennett then filed an R.C. 4123.512 petition in the Lucas County Court of Common Pleas, seeking a determination of his right to participate in the workers’ compensation fund. Goodremont’s and the administrator of the BWC filed separate motions for summary judgment, both asserting that Bennett’s participation in the fund was foreclosed by the “coming-and-going rule” and that any injuries Bennett suffered while commuting to the office did not occur “in the course of, and arising out of,” his employment pursuant to R.C. 4123.01(C). See Ruckman v. Cubby Drilling, Inc., 81 Ohio St.3d 117, 119, 689 N.E.2d 917 (1998), paragraph one of the syllabus. The trial court accepted those arguments and granted the motions for summary judgment, determining that the coming-and-going rule barred Bennett’s participation in the workers’ compensation fund.
{¶ 6} Bennett appealed that ruling to the Sixth District Court of Appeals. The appellate court concluded that summary judgment was inappropriate, because viewed in a light most favorable to Bennett, the facts could support Bennett’s claim that he had no fixed place of work and therefore had not been commuting on the day of the accident. The court reversed and remanded to the trial court for further proceedings. Bennett v. Goodremont’s, Inc., 6th Dist. No. L-08-1193, 2009-Ohio-2920, 2009 WL 1719355, ¶ 20.
{¶ 7} Upon remand, the trial court held a bench trial, at which the BWC administrator asserted in his opening statement that Bennett had to show both an injury proximately caused by the accident and that he had been on company business at the time of the injury. But Bennett presented his case only on his contention that his workers’ compensation claim was not barred by the coming- and-going rule. The BWC administrator then immediately moved for a directed verdict, arguing that because Bennett had failed to provide any evidence of a compensable medical condition or injury and failed to establish through expert medical evidence a causal connection between the accident and the injury, Bennett had not sustained his burden to establish every element of his workers’ compensation claim.
{¶ 8} Bennett opposed the motion by arguing that the nature of the injuries was not ripe for litigation and that the sole question before the court was whether the injury occurred in the course of Bennett’s employment. The trial court took the directed-verdict motion under advisement. The administrator then presented evidence that Bennett had been commuting to work when the accident occurred and therefore could not participate in the workers’ compensation fund. At the close of trial, the court ordered briefing on the issue of the scope of its review in the R.C. 4123.512 appeal.
*332 {¶ 9} The trial court later granted the administrator’s motion for a directed verdict. The trial court first concluded that Bennett had not been commuting at the time of the accident and therefore he was not precluded from participating in the workers’ compensation fund. But the court then held, “Bennett did not present medical evidence to establish a compensable injury nor a causal relationship between such an injury and his accident” and so he “failed to establish he is entitled to participate in the workers’ compensation fund.”
{¶ 10} The Sixth District Court of Appeals affirmed. Bennett v. Goodremont’s, Inc., 6th Dist. No. L-10-1185, 2011-Ohio-1264, 2011 WL 941322, ¶ 1. That court first reviewed precedent establishing that (1) a trial court in an R.C. 4123.512 appeal from the Industrial Commission’s denial of a workers’ compensation claim has a duty to determine the claimant’s right to participate in the workers’ compensation fund in a trial de novo, citing Ward v. Kroger Co., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 8-9, (2) a trial court has no discretion to remand the case to the Industrial Commission because “de novo” by definition precludes remand, (3) a trial court’s decision pursuant to R.C. 4123.512 is based on the evidence presented to the court, not the evidence that was presented to the Industrial Commission, and (4) the claimant’s right to participate in the fund is predicated on showing by a preponderance of the evidence both that the injury arose out of and in the course of employment and that a causal relationship existed between the injury and the harm or disability. Id. at ¶ 11-12.
{¶ 11} The appellate court then applied that precedent to reject Bennett’s claim that the trial court erred in placing the burden on him to establish any injury-relatedness or causation in his R.C. 4123.512 appeal because those issues were not considered in the administrative rulings. The court accordingly rejected Bennett’s accompanying contention that the court should have remanded the cause to the Industrial Commission after ruling that the accident occurred in the course of his employment. The appellate court reiterated that a de novo proceeding precludes remand and held that Bennett’s failure to establish a causal relationship between the accident and the claimed injury justified the trial court’s grant of the administrator’s directed-verdict motion. Id. at ¶ 13-14.
{¶ 12} Bennett’s alternative argument, that he did present and/or the court could infer sufficient evidence of injury and its causation to create a question of fact on the issues was also rejected by the appellate court. Id. at ¶ 20. It held that Bennett had “failed to claim a specific injury for which he was seeking a right to participate in the fund, or provide any expert medical testimony showing a proximate causal relationship between any alleged injuries and his automobile accident.” Id. at ¶ 21.
{¶ 13} We accepted Bennett’s appeal under our discretionary jurisdiction for review of a single proposition of law. Bennett v. Goodremont’s, Inc., 129 Ohio *333 St.3d 1487, 2011-Ohio-5129, 954 N.E.2d 661. That proposition asserts, “The only issue(s) to be considered in an R.C. 4123.512 appeal are those which were determined in the administrative order appealed.”
II. Analysis
{¶ 14} Under Civ.R. 50(A)(4), a motion for a directed verdict should be granted if “the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.” Because a motion for a directed verdict presents a question of law, appellate review of a trial court’s decision on the motion is de novo. White v. Leimbach, 131 Ohio St.3d 21, 2011-Ohio-6238, 959 N.E.2d 1033, ¶ 22; Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co., 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4.
{¶ 15} Bennett’s essential argument is that the trial and appellate courts erred in their view of the scope of his R.C. 4123.512 appeal and that once the trial court determined that the accident occurred in the course of his employment, it should have remanded the case for further administrative proceedings. Bennett asserts that the trial court should not have placed an obligation on him to also establish any injury-related and causation aspects of his claim because the previous administrative consideration went solely to what he refers to as the basic “validity” of his claim and therefore did not address the “injury” aspects in any way.
{¶ 16} Bennett’s arguments in this regard, however, fail to take into account the unique features of an R.C. 4123.512 appeal that differentiate it from other types of administrative appeals, and they ignore the extensive body of authoritative case law on the scope of an R.C. 4123.512 appeal that the lower courts here correctly applied.
{¶ 17} The starting points for our analysis are the long-established principles that an R.C. 4123.512 appeal is de novo, in which a claimant bears the burden of proving his or her right to participate in the workers’ compensation fund regardless of an Industrial Commission decision. R.C. 4123.512(D), the controlling law, provides: “The court * * * shall determine the right of the claimant to participate in the fund upon the evidence adduced at the hearing of the action.” See also Benton v. Hamilton Cty. Educational Serv. Ctr., 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, ¶ 14 (“appeal under R.C. 4123.512(D) involves a de novo review in which the claimant has the burden of proof’ as to whether a claimant can participate in the fund); Fowee v. Wesley Hall, Inc., 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, ¶22 (in an R.C. 4123.512 appeal, “[o]ur opinions have consistently held” that a claimant “continues to carry the burden of initially filing the petition and proving her cause of action in what is essentially a trial de novo”); Afrates v. Lorain, 63 Ohio St.3d 22, 26, 584 N.E.2d 1175 (1992) *334 (recognizing that appeals pursuant to former R.C. 4123.519 (now 4123.512)[2] are “subject to de novo review” while holding that the only decisions reviewable pursuant to the statute “are those decisions involving a claimant’s right to participate or to continue to participate in the fund”); Youghiogheny & Ohio Coal Co. v. Mayfield, 11 Ohio St.3d 70, 71, 464 N.E.2d 133 (1984) (“The appeal authorized by [former] R.C. 4123.519 [now 4123.512] is unique in that it is considered a trial de novo”).
{¶ 18} Furthermore, to establish the right to participate in the fund, a claimant has always had to .show by a preponderance of the evidence both that the injury arose out of and in the course of employment and that a proximate causal relationship existed between the injury and the harm or disability. White Motor Corp. v. Moore, 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), paragraph one of the syllabus; Oswald v. Connor, 16 Ohio St.3d 38, 41-42, 476 N.E.2d 658 (1985). See Fox v. Indus. Comm., 162 Ohio St. 569, 125 N.E.2d 1 (1955), paragraph one of the syllabus.
{¶ 19} In Robinson v. B.O.C. Group, Gen. Motors Corp., 81 Ohio St.3d 361, 368, 691 N.E.2d 667 (1998),[3] this court explained that an R.C. 4123.512 appeal “necessitates a new trial, without reference to the administrative claim file or consideration of the results of the administrative hearings” and “is not a record review or an error proceeding.” Rather, pursuant to the key final sentence of R.C. 4123.512(D), “[t]he court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action.”
{¶20} As especially significant to our inquiry, Robinson fully endorsed the following reasoning from Marcum v. Barry, 76 Ohio App.3d 536, 539-540, 602 N.E.2d 419 (10th Dist.1991), calling that analysis “particularly poignant”:
*335 “Although labeled an appeal and commenced initially by the filing of a notice of appeal, the action in the common pleas court under R.C. 4123.519 [now 4123.512] seeking a redetermination of a decision of the Industrial Commission is not a traditional error proceeding[ ] * * *. R.C. 4123.519 [now 4123.512] contemplates not only a full and complete de novo determination of both facts and law but also contemplates that such determination shall be predicated not upon the evidence adduced before the Industrial Commission but, instead, upon evidence adduced before the common pleas court as in any civil action, which may involve a jury trial if demanded. The proceedings are de novo both in the sense of receipt of evidence and determination. The common pleas court, or the jury if it be the factual determiner, makes the determination de novo without consideration of, and without deference to, the decision of the Industrial Commission. R.C. 4123.519 [now 4123.512] contemplates a full de novo hearing and determination. * * *
“ * * * With respect to an R.C. 4123.519 [now 4123.512] appeal, there are no words such as ‘review, affirm, modify, or reverse’ as are contained in R.C. 2505.02, nor even the word ‘affirm’ or the words ‘reverse, vacate, or modify’ as set forth in R.C. 119.12 with respect to administrative appeals generally. Rather, the express language of R.C. 4123.519 is that contained in division (C) [now section (D) of R.C. 4123.512] that the court or jury shall ‘determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action.’ (Emphasis added.)” (Citations omitted.)
Robinson 81 Ohio St.3d at 368, 691 N.E.2d 667.
{¶ 21} The specific issue before the Tenth District in Marcum was whether the entire case in an R.C. 4123.519 (now 4123.512) proceeding “is before the court of common pleas de novo so that all factual and legal issues are to be resolved by that court” or whether the appeal is an error proceeding in which the common pleas court, if it determines that a legal error is present, may remand the matter to the Industrial Commission. Id., 76 Ohio App.3d at 537, 602 N.E.2d 419.
{¶ 22} After setting forth the analysis quoted above in Robinson, the court in Marcum further concluded that the full and complete de novo nature of the appeal precludes a remand to the Industrial Commission in this situation:
[A] court of common pleas in an appeal from a decision of the Industrial Commission has no power to remand the cause to the Industrial Commission for further proceedings — the equivalent of a new trial before the *336 Industrial Commission. Nor is such power somehow conferred because the Industrial Commission applied the wrong rule of law in determining the matter upon its facts. There is a mandatory duty upon a court of common pleas to proceed to a final determination of the appealed issues, especially the right to participate in the Workers’ Compensation Fund upon the law and the evidence adduced before that court. Such duty cannot be avoided by remand to the Industrial Commission.
Id. at 540-541.
{¶ 23} Other appellate courts have consistently held that a remand to the Industrial Commission is not an option generally available to the trial court in an R.C. 4123.512 appeal concerning a claimant’s right to participate in the fund. See, e.g., Green v. B.F. Goodrich Co., 85 Ohio App.3d 223, 226, 619 N.E.2d 497 (9th Dist.1993) (“the duty imposed upon the court by R.C. 4123.519(C) [now 4123.512(D)] is mandatory. By [the statute’s] use of the word ‘shall’ the court is given no discretion to remand the case to the Industrial Commission for further proceedings, but must determine the claimant’s right to participate in the fund”); Aldridge v. LTV Steel Co., 5th Dist. No. 95-CA-0158,1996 WL 74697, *1 (Jan. 29, 1996) (R.C. 4123.512 “does not authorize a court to remand an action back to the commission”); Wagner v. Fulton Industries, Inc., 116 Ohio App.3d 51, 54, 686 N.E.2d 559 (6th Dist.1997) (once an appeal from the Industrial Commission is taken pursuant to R.C. 4123.512, it is the trial court’s “mandatory responsibility to determine whether the claimant has a right to participate in the State Insurance Fund and the court has no discretion to remand the case to the commission”). See also Broyles v. Conrad, 2d Dist No. 20670, 2005-Ohio-2233, 2005 WL 1060587, ¶ 15 (because R.C. 4123.512 prohibits remand to the Industrial Commission when the Industrial Commission made no determination on the merits of the claim, the trial court must determine the claim’s merits, except as to the extent of disability, in the de novo trial required by R.C. 4123.512; if the court finds in favor of the claimant’s right to participate, only then does the case return to the Industrial Commission for an administrative determination of the extent of the claimant’s disability).
{¶ 24} Several treatises on Ohio law have recognized the force of these precedents. See 1 Philip Fulton, Ohio Workers’ Compensation Law, Section 12.6 (Rev.Ed.2012) (extensively quoting the decision in Marcum and describing it as “an informative and extensive discussion concerning the status of [a] de novo trial” to explain Marcum’s holding “that the court of common pleas had no power to remand for a claim to produce the equivalent of a new trial before the Industrial Commission despite the Industrial Commission’s application of the wrong rule of law in determining the matter upon its facts”); Jo Ann F. Wasil *337 and Mark E. Mastrangelo, Baldwin’s Ohio Workers’ Compensation Law, Section 14:118 (2009) (citing Marcum and other precedent in recognizing that as a general rule, a common pleas court in an R.C. 4123.512 appeal “has no power to remand a cause to the Commission for further proceedings”).
{¶ 25} Bennett bases much of his argument on Ward, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. In Ward, we considered whether “the scope of an R.C. 4123.512 appeal is limited to the medical conditions addressed in the order from which the appeal is taken.” Id. at ¶ 6. We resolved that issue by holding that a “claimant in an R.C. 4123.512 appeal may seek to participate in the Workers’ Compensation Fund only for those conditions that were addressed in the administrative order from which the appeal is taken.” Id. at syllabus.
{¶ 26} Ward involved a discrete situation in which a specific medical condition was administratively considered and the claimant then attempted to add new conditions in his R.C. 4123.512 appeal. See id. at ¶ 1-3. The instant case does not involve that situation and is fundamentally distinguishable.
{¶ 27} Ward, which specifically recognized that “an R.C. 4123.512 appeal is a de novo determination of fact, and law,” id. at ¶ 7, see also id. at ¶ 8, does not call into question the extensive authorities relied on by the trial court and the court of appeals here. As the appellate court in this case stated when it denied Bennett’s motion for reconsideration and rejected his arguments based on Ward: “Ward pertained to alleging new medical conditions. Such was not the scenario involved in the instant case. In addition, Ward reflects that a claimant must state a specific medical injury or condition as the basis of seeking compensation from the fund. The record clearly reflects that appellant failed to do so.”
{¶ 28} If Bennett had prevailed at some level in the administrative proceedings on the question of his accident’s occurring in the course of his employment, in order to establish his right to participate in the fund, he would have been required to administratively prove the injury-related and causation aspects of his claim at whatever stage in the administrative proceedings he received a ruling in his favor on the course-of-employment question. See Starkey v. Builders First-Source Ohio Valley, L.L.C., 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, ¶ 15 (claimants “must submit a medical diagnosis of an injury at the administrative level to prevail” and must “establish a causal connection between the documented physical harm and the industrial injury for it to be compensable”). R.C. 4123.512, with the requirement that a trial court conduct a de novo consideration upon the evidence presented at the hearing before it in order to determine a claimant’s right to participate in the fund, supports the conclusion that a claimant continues to bear the obligation to establish all aspects of the right to participate through the appeal to common pleas court. A trial court’s consideration in an R.C. 4123.512 appeal does not involve weighing evidence *338 regarding the extent of a claimant’s disability. Instead, the right to participate is a separate matter that the claimant must establish in the de novo proceeding conducted under R.C. 4123.512.
{¶ 29} Bennett’s arguments are based to a considerable degree on the contention that an R.C. 4123.512 appeal is similar to administrative appeals in other contexts taken pursuant to different statutory authority. However, these arguments are conclusively rebutted by a comparison of the provisions of R.C. 4123.512 to the provisions of a typical administrative-appeal statute such as R.C. 119.12, as explained in Marcum in the analysis adopted by this court in Robinson. See Robinson, 81 Ohio St.3d at 368, 691 N.E.2d 667, quoting Marcum, 76 Ohio App.3d at 539, 602 N.E.2d 419 (words such as “ ‘affirm, * * * reverse, vacate, or modify,’ ” which appear in R.C. 119.12, are absent from R.C. 4123.512).
{¶ 30} An R.C. 4123.512 appeal is by no means a “typical” administrative appeal, but is a distinctive appeal with unique characteristics. The legal analysis employed by the court of appeals in this case was in accord with the provisions of R.C. 4123.512 and with the relevant precedent, which properly delineates the scope of an R.C. 4123.512 appeal. The lower courts correctly determined that a remand for additional administrative proceedings upon the trial court’s conclusion that the coming-and-going rule did not bar participation in the fund was not an option under the controlling law. The fundamentals of the de novo appeal under R.C. 4123.512 required Bennett to establish his right to participate in the fund, including the injury-related and causation aspects of his claim relevant to that question, in the common pleas court.
III. Conclusion
{¶ 31} For all the above reasons, we determine that the trial court and court of appeals were correct in their analysis of the specifics of a claimant’s burden in an R.C. 4123.512 appeal proceeding. We affirm the judgment of the court of appeals.
Judgment affirmed.
O’Connor, C.J., and O’Donnell, Fischer, and McGee Brown, JJ., concur.
Lanzinger, J., not participating.
Pfeifer and Lundberg Stratton, JJ., dissent.
Patrick F. Fischer, J., of the First Appellate District, sitting for Lanzinger, J.

. Bennett has filed in this court a supplement to his merit brief that contains several documents pertaining to the proceedings before the BWC and the Industrial Commission, including filed forms and administrative decisions. Many of the items in the supplement are not contained in the trial court record and normally would not be considered by this court for that reason. See S.Ct.Prac.R. 7.1(A) (a supplement is to contain portions of the “record”). However, the brief of the administrator of the BWC accepts the validity of these documents, and we therefore recognize their authenticity.

. Former R.C. 4123.519 was amended and renumbered as R.C. 4123.512, effective October 20, 1993. Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 2990, 3153-3156. For purposes here, the relevant statutory provisions are essentially the same.

. The syllabus of Robinson held, “When an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employer’s complaint without prejudice under Civ.R. 41(A)(2).” This holding, along with the holding in Kaiser v. Ameritemps, Inc., 84 Ohio St.3d 411, 704 N.E.2d 1212 (1999), regarding a claimant’s ability to voluntarily dismiss an employer’s R.C. 4123.512 appeal pursuant to Civ.R. 41(A)(1)(a), has since been superseded by statute. See Thorton v. Montville Plastics & Rubber, Inc., 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, ¶ 5 (R.C. 4123.512(D), as amended in 2006, now requires that in an employer appeal under R.C. 4123.512, “the claimant may not dismiss the complaint without the employer’s consent”). This provision does not apply to claims that arose before August 25, 2006, the effective date of the amendment. Id. at ¶ 20. Discussion in Robinson regarding the nature of an R.C. 4123.512 appeal is not affected by this statutory amendment.