Pfeifer, J.,
dissenting.
{¶ 32} This case had been fought for years through every level of the worker’s compensation system, through the trial court on appeal, to the court of appeals, *339 and back to the trial court over one issue: whether appellant, Mark Bennett, was in the course of his employment when his car was rear-ended and he was injured on his way to his employer’s place of business. At every level, this case had been about the “coming-and-going rule” and its application to Bennett. It had been about that rule to such an extent that Bennett’s employer and the Industrial Commission had never disputed that Bennett was, in fact, injured in the car accident.
{¶ 33} Finally, more than four years after Bennett’s accident, the factual issue of whether the accident occurred when Bennett was working — or was merely on his way to work — was to be settled by the trial judge. But then came a “Gotcha” moment: after Bennett presented his evidence, counsel for appellee administrator, Bureau of Workers’ Compensation (“BWC”) moved for a directed verdict. He argued that Bennett had not proven an injury or that the accident was a direct and proximate cause of his injury. What had never been an issue suddenly became the deciding issue in the case. The trial court did not rule on the motion immediately, but after posttrial briefing, ruled in the favor of the administrator.
{¶ 34} I would hold that the issue of Bennett’s injury was conceded by his employer and the administrator, and based upon the trial court’s holding that Bennett was indeed injured in the course of his employment, I would order this case back to the BWC for a determination of the extent of Bennett’s injury.
{¶ 35} From the beginning and throughout this entire case, Bennett’s injury has been conceded. In its answer to Bennett’s petition/complaint, Goodremont’s admitted that Bennett had been injured in the accident at issue. Paragraph four of Bennett’s complaint reads: “As a result of the collision, Mr. Bennett suffered bodily injuries, required and requires medical treatment, has had a loss of income and has been disabled.”
{¶ 36} The answer of Goodremont’s reads at paragraph four: “Goodremont’s states that Mr. Bennett was injured on February 28, 2006, but otherwise denies the allegations in paragraph 4 of the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.” (Emphasis added.)
{¶ 37} In a motion for summary judgment filed on July 20, 2007, the appellees admitted that Bennett had been injured. Whether Bennett was injured played no part at all in their motion for summary judgment. And they made a statement that would be repeated over and over again throughout the life of the case, acknowledging Bennett’s injury:
{¶ 38} “At approximately 7:42 a.m. on February 28, 2006, Bennett was injured when his vehicle was rear-ended by another driver while Bennett was stopped at an on-ramp yield sign off of Central Ave. waiting to enter the on-ramp to Northbound 1-475.”
*340 {¶ 39} On September 12, 2007, appellees made a further admission of Bennett’s injury. In a motion in limine (attached as an appendix), the appellees requested the trial court to “exclude the admission and presentation of any evidence, including witness testimony and any and all documents, at trial * * * concerning the extent of Plaintiffs injuries and the cost of related medical services resulting from the motor vehicle accident in which Plaintiff, Mark Bennett * * * was involved on February 28, 2006 on the grounds that such evidence is irrelevant to the sole issue in this case — whether Plaintiff is entitled to participate in the Ohio Workers’ Compensation Fund, such evidence is barred by the Civil Rules, and such evidence would be needlessly time-consuming at trial.”
{¶ 40} The appellees framed the issue as solely about the “coming and going” rule. “[T]he extent of Bennett’s injuries is not at issue in this case * * *. Therefore, [those witnesses] cannot possibly have any relevant information concerning the purely legal issue in this case — whether the motor vehicle accident at issue * * * occurred in the course of and arose from Bennett’s employment at Goodremont’s.”
{¶ 41} The appellees also made a familiar admission in that motion: “On February 28, 2006, Bennett was involved in a motor vehicle accident while driving his personal vehicle on his way from his home to Goodremont’s Toledo office for a customer demonstration scheduled to take place that morning. (Mark Bennett Deposition Transcript, filed in this case on July 18, 2007, pp. 20-21.) Bennett was injured at 7:42 a.m. on February 28, 2006, when his vehicle was rear-ended by another driver while Bennett was stopped at an on-ramp yield sign off of Central Ave. waiting to enter the on-ramp to Northbound 1-475. (id. pp. 19-20).”
{¶ 42} The appellees wrote that Bennett had already provided evidence of his injuries: “Bennett’s responses to discovery requests served by undersigned counsel for Goodremont’s, Inc. and by undersigned counsel for the Administrator of the BWC included detailed information and medical records concerning the extent of Bennett’s injuries and the cost of related medical services allegedly resulting from those injuries.”
{¶ 43} The appellees asked for other documents and witnesses to be excluded: “Therefore, because medical records, medical expenses incurred, and the testimony of Bennett’s relatives and former co-workers at a previous job are not relevant to the sole issue before this Court, all such testimony and documents should be excluded from trial under Ohio Rule of Evidence 402 [relevant evidence is generally admissible].” Does not requesting a ban on evidence of the extent of the injury constitute an admission that there is, in fact, an injury?
{¶ 44} The trial court never ruled on the motion in limine, and it was never withdrawn. But the trial court did grant appellees’ motion for summary judgment, deciding the issue entirely on the “coming and going” rule. Yet the court *341 did note that Bennett had suffered an injury, writing, “At 7:42 a.m. on that day, February 28, 2006, Mr. Bennett sustained injuries while in his automobile on his way to the office when another driver rear-ended him. (Bennett depo. 19-20).”
{¶ 45} Bennett sought reversal of that summary judgment at the court of appeals and won. The court held:
On the basis of these facts, a reasonable factfinder might well conclude that Bennett’s employment situs was non-fixed, in which case the eoming- and-going rule would not apply to preclude recovery for Bennett. Because there remains a genuine issue of fact with respect to this issue, the trial court’s granting of summary judgment on the basis of the coming-and-going rule was clearly inappropriate.
Bennett v. Goodremont’s, Inc., 6th Dist. No. L-08-1193, 2009-Ohio-2920, 2009 WL 1719355, ¶ 20. The case was remanded to the trial court.
{¶ 46} In interrogatories filed with the court on February 18, 2010, appellees asked Bennett: “State with specificity the injury(ies) and/or medical conditions that are alleged as being compensable and are the subject of this appeal.” Bennett responded, “I received back and neck injuries resulting in surgery. I am presently totally disabled.”
{¶ 47} Finally, during the trial on April 16, 2010, the shocked counsel for the administrator realized that Bennett was never injured at all and moved for a directed verdict. Four good years of litigation wasted over a fellow who was never even hurt!
{¶ 48} What followed was a second trip to the appellate court and a trip to this court to battle over an elemental fact that everyone involved in this case actually agrees on: Bennett was hurt. The appellees should be irretrievably bound to the admissions they consistently made throughout this case, and this case should be over.
{¶ 49} In arriving at its conclusion that the judgment of the Sixth District Court of Appeals should be affirmed, the majority engages in a discussion of this court’s decision in Robinson v. B.O.C. Group, Gen. Motors Corp., 81 Ohio St.3d 361, 368, 691 N.E.2d 667 (1998), and instruction it finds in the Tenth District Court of Appeals case of Marcum, v. Barry, 76 Ohio App.3d 536, 539-540, 602 N.E.2d 419 (10th Dist.1991). Informative, but not useful in this matter. Neither party disputes that if Bennett had prevailed, this matter would necessarily be returned to the Industrial Commission and ultimately to the BWC for an administrative determination of the level of benefits and compensation appropri *342 ate for Bennett’s injuries. See R.C. 4123.512(G). That would be the case no matter what evidence Bennett could have presented at trial regarding his specific medical injuries. The real decision about the compensation due Bennett would come from the BWC.
Kennedy, Purdy, Hoeffel & Gernert, L.L.C., and Paul E. Hoeffel, for appellant.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Elisabeth A. Long and Matthew P. Hampton, Deputy Solicitors, and Joshua W. Lanzinger, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Workers’ Compensation.
{¶ 50} The supposed de novo nature of the trial — “de novo” does not appear in R.C. 4123.512 — in this case is vastly overstated. The injuries a claimant can allege at trial are controlled by what he alleged at the BWC, and the verdict in the trial has no real meaning until it becomes the holding of the BWC and it makes its decision regarding compensation. The de novo trial is bookended and controlled by what happens at the BWC. Only the barest proof of injury is necessary at trial.
{¶ 51} This matter has been twice to a trial court and twice to the Sixth District Court of Appeals and now to this court, without any BWC administrative determination on the injuries — which still remains a prerequisite to any compensation award to Bennett. That was the exact argument advanced by the defendants to preclude injury and medical testimony on the R.C. 4123.512 appeal by Bennett. After losing their “coming and going” arguments in this case, the defendants ask this court to convert the sword they wielded in their motion in limine into a shield from liability when Bennett accepted their position and did not offer his medical evidence at trial.
{¶ 52} The cases discussed in the majority opinion bear no relationship to the facts and procedural posture of Bennett’s claim for compensation. The majority opinion allows the defendants here to set a “bear trap” for Bennett by ignoring the admissions contained throughout the litigation and in their motion in limine. Perhaps one should not be surprised that there are employers and attorneys in this state that are comfortable with the legal subterfuge present in this case. It is quite a surprise that the attorney general and the BWC/Industrial Commission would not just go along for the ride, but actively participate. This is not just a case of justice delayed; it is most certainly a case of justice denied. I dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.
*343 APPENDIX
THE APPENDIX TO JUSTICE PFEIFER’S DISSENTING OPINION APPEARS ON THE FOLLOWING PAGES.
*344 [[Image here]]
Defendants, Goodremont’s, Inc. and the Administrator of the Bureau of Workers’ Compensation, by and through their respective counsel of record, hereby submit this Motion in Limine to exclude the admission and presentation of any evidence, including witness testimony and any and all documents, at trial (scheduled for September 19, 2007) concerning the extent of Plaintiffs injuries and the cost of related medical services resulting from the motor vehicle accident in which Plaintiff, Mark Bennett (hereafter, “Bennett"), was involved on February 28, *345 2006 on the grounds that such evidence is irrelevant to the sole issue in this case - whether Plaintiff is entitled to participate in the Ohio Workers’ Compensation Fund, such evidence is barred by the Civil Rules, and such evidence would be needlessly time-consuming at trial.
FACTS
On February 28, 2006, Bennett was involved in a motor vehicle accident while driving his personal vehicle on his way from his home to Goodremont’s Toledo office for a customer demonstration scheduled to take place that morning. (Mark Bennett Deposition Transcript, filed in this case on July 18, 2007, pp. 20-21.) Bennett was injured at 7:42 a.m. on February 28,2006, when his vehicle was rear-ended by another driver while Bennett was stopped at an on-ramp yield sign off of Central Ave. waiting to enter the on-ramp to Northbound 1-475. (Id. pp. 19-20). The route Bennett took that morning was the normal route he took from his home in Swanton to Goodremont’s Toledo office, and the 9:00 a,m. customer demonstration scheduled that morning was Bennett’s first appointment of the day. (Id. pp. 20-21,23).
On March 29,2006, Bennett filed a workers’ compensation claim based on the motor vehicle accident injuries he sustained on February 28,2006 while on his way to work, and by subsequent decisions of a District Hearing Officer, a StaffHearing Officer, and the Industrial Commission of Ohio, Bennett’s workers’ compensation claim was denied in its entirety, (See Bennett’s Petition and Defendants’ Answers, per R.C. 4123,512, filed in this case,)
In this appeal, pursuant to R.C. 4123.512, Bennett seeks to participate irt the Ohio Workers’ Compensation Fund for the injuries he sustained in the February 28, 2006 motor vehicle accident.
*346 BENNETT’S WITNESS LIST AND DISCOVERY RESPONSES
Bennett’s witness list, filed in this case on July 27, 2007, lists the following witnesses, among others, who Bennett intends to call to testify at the trial scheduled for September 19,2007:
Rick Haitian (Ricoh Sales Manager)
Dave Nemer (Ricoh Genera! Manager)
Antoinette (Toni) Bennett (Bennett’s wife)
Kathy Bennett (Bennett’s stepmother)
Keith Bennett (Bennett’s father)
Connie Emahiser (Bennett’s mother);
Victoria Incorvaia (Bennett’s sister-in-law)
Joseph Iozzo (Bennett’s brother-in-law)
Michael Iozzo (Bennett’s father-in-law)
Priscilla Iozza (Bennett’s mother-in-law)
Adam Potts (Bennett's brother-in-law)
Kim Potts (Bennett’s stepsister)
Bennett’s responses to discovery requests served by undersigned counsel for Goodreraont’s, Inc. and by undersigned counsel for the Administrator of the BWC included detailed information and medical records concerning the extent of Bennett’s injuries and the cost of related medical services allegedly resulting from those injuries.
ARGUMENT
Defendants believe that Bennett’s family members, listed above, intend to testify as to the extent of Bennett’s injuries. However, the extent of Bennett’s injuries is not at issue in *347 this case, and none of Bennett’s above-listed relatives are former employees of Goodremont’s. Therefore, they cannot possibly have any relevant information concerning the purely legal issue in this case - whether the motor vehicle accident at issue, wherein Bennett was the sole occupant of his personal automobile on his way to work, occurred in the course of and arose from Bennett’s employment with Goodremont’s.
In addition, two of the witnesses listed above are apparently employees of one of Bennett’s former employers, Ricoh copier company, and they too cannot possibly have any relevant information concerning the legal issue in this case.
Courts have broad discretion in ruling on the admissibility of evidence, and the granting of a motion in limine rests within the sound discretion of the trial court, “As related to trial, a motion in limine is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury.” Riverside Methodist Hosp. Ass 'n of Ohio v. Guthrie (1982), 3 Ohio App. 3d 308, 310. Motions in limine serve the interest of judicial economy, the interest of counsel, and the interest of the parties by helping to reduce the possibility of injecting error or prejudice into the proceedings. State v. Grubb (1986), 28 Ohio St. 3d 199, 201.
Ohio Rule of Evidence 401 defines “relevant evidence” as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Therefore, if witness testimony has the tendency to strengthen or weaken a party’s stance on an issue before the Court, it should be admitted.
*348 However, R.C. 4123.512, which is the sole basis for this proceeding, provides that, “[Tjhe claimant... may appeal an order of the industrial commission made under division (B) of section 4123.511 of the Revised Code in any injury or occupation disease case, other than a decision as to the extent of disability to the court of common pleas[.]” [Emphasis added.]
Therefore, in this appeal pursuant to R,C. 4123.512, any and all evidence of the extent of Bennett’s injuries and alleged resulting disability is not relevant to whether Bennett’s injury is compensable trader Ohio law. The plain language of R.C. 4123.512 makes clear that the compensability of Bennett’s motor vehicle accident is the sole issue in this case, while the extent of disability, even if Bennett prevails in this appeal, is an entirely separate issue that can only be addressed and decided by the BWC/Industrial Commission. This means that even if Bennett prevailed in this appeal (which would be legal error), the result would be nothing more than the allowance of his BWC claim. This Court, however, could not decide which medical conditions to allow, whether to award Bennett any temporary total disability (TTD) or other type of compensation, or the extent to which Bennett’s claimed medical expenses are for reasonable and necessary to treat the allowed conditions. Ail such issues would have to be decided in the first instance by the BWC/Industrial Commission even if Bennett prevailed in this appeal.
Therefore, because medical records, medical expenses incurred, and the testimony of Bennett’s relatives and former co-workers at a previous job are not relevant to the sole issue before this Court, ail such testimony and documents should be excluded from trial under Ohio Rule of Evidence 402.
In addition, Ohio Rule of Evidence 403 provides for mandatory exclusion of relevant evidence if its “probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.”
*349 Here, permitting the trier of fact consider irrelevant information concerning the extent of Bennett’s injuries and alleged disability would undoubtedly confuse, mislead, and unfairly prejudice the fact finder’s evaluation of whether or not the motor vehicle accident at issue occurred in the course of and arose from Bennett’s employment with Goodremont’s, Inc.
Therefore, under both Evidence Rules 402 and 403, this Court should exclude all proffered testimony and documents concerning the extent of Bennett’s injuries and alleged disability finm the trial in this case.
[[Image here]]
CERTIFICATE OP SERVICE
A copy of the foregoing Joint Motion in Limine was sent by First Class U.S. mail postage prepaid this ] day of September, 2007 to counsel for Plaintiff-Appellant, Paul B.
Hoeffel, Esq., Kennedy, Purdy, Hoeffel & Gérnert, LLC, 111 West Rensselaer Street, P.O.
Box 191,Bueyrus, Ohio 44820, and was also sent to counsel for Defendant-Appellee, Joshua W. Lanzinger, Assistant Attorney General, One Government Center, Suite 1340, Toledo, Ohio 43604-2261. ^
[[Image here]]