WAGNER, Appellee,

v.

FULTON INDUSTRIES, INC., Appellant, et al.

[Cite as *Wagner v. Fulton Industries, Inc.* (1997), 116 Ohio App.3d 51.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–96–022.

Decided Feb. 7, 1997.

*David E. Smith,* for appellee.

*Thomas A. Dixon* and *Margaret A. Mattimoe,* for appellant.

———

SHERCK, Judge.

This accelerated appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas in an administrative appeal of a workers' compensation case.

On October 1, 1994, appellee, David S. Wagner, filed a claim for workers' compensation benefits alleging injury in the course of his employment with appellant, Fulton Industries, Inc. Appellant Fulton Industries rejected appellee's claim. The Ohio Bureau of Workers' Compensation ("BWC")[1] conducted an investigation and denied the claim, noting a lack of information necessary to substantiate the allegation.

Pursuant to R.C. 4123.511(B)(1), a party wishing to appeal an initial adverse ruling of the BWC may do so within fourteen days after the receipt of the order. In this instance, the parties agree that the appeal period would have expired on November 26, 1994, but since this was a Saturday, appellee had until November 28, 1994, to perfect an appeal.

According to appellee, on Sunday, November 27, 1994, his counsel faxed a notice of appeal to the Ohio Industrial Commission's Lima office. A copy of the filing was mailed the same day. The mail communication apparently arrived at the commission office on November 29, 1994, as that is the date it was file stamped by the commission. The fax copy of the appeal was not file stamped until much later.[2]

On the basis of the November 29, 1994 file stamp, a commission district hearing officer found appellee's appeal untimely. However, that decision was reversed on appeal to a staff hearing officer. Appellant employer then appealed the staff hearing officer's decision to the full Industrial Commission, which, following a hearing, found that, although a fax notice of appeal is acceptable, the determinant factor for timeliness of appeal is the date indicated by the file stamp attached to the document by the BWC or the Industrial Commission. The internal file stamp applied by a privately owned fax machine is, according to a trial brief by the commission's counsel, "unreliable"; therefore, appellee's claim failed for lack of

———

1. The Administrator of Workers' Compensation is also nominally an appellant. The Administrator was an active party in the common pleas court, but filed no brief in this appeal.

2. A copy of the fax cover page was eventually found by the commission and file stamped some months later.

proof to establish a timely filing of his appeal. Pursuant to R.C. 4123.512, appellee then appealed the decision to the Fulton County Court of Common Pleas.

In the common pleas court, the matter was submitted for determination on cross-motions for summary judgment. In support of his motion, appellee provided the court with verified copies of his fax filing containing the internally generated fax machine notation "Nov. 27, '94 15:31 MESA AFL CIO NW OHIO." In addition, appellee provided the court with a copy of an A T & T long distance phone bill verified as that of the M.E.S.A. Local 4 fax machine; this showed a call to 419–227–3128, the fax number for the Industrial Commission's Lima office, at 3:01 p.m. on November 27, 1994, for a period of one minute and forty-five seconds. Appellee also presented an internally generated fax transmission report for a call to "4192273128" on November 27, 1994 at 15:30 hours, stating: "Time 01'40[;] Results OK."

In its cross-motion for summary judgment, appellant relied principally on the Industrial Commission's decision, but also questioned the timeliness of appellee's appeal to the staff hearing officer. Appellant asserted that, by its calculation, that notice of appeal was also a day late.

The common pleas court granted appellee's motion for summary judgment and denied appellant's motion. The court found that appellee had submitted unrefuted evidence that his appeal was timely filed. Concerning the timeliness of the appeal from the district hearing officer's decision, the court found this issue moot. The court then remanded the matter to the BWC to determine whether appellee is eligible for benefits.

Appellant now appeals this ruling, arguing that the Industrial Commission properly rejected appellee's proof of a fax filing and that, in any event, appellee's appeal from the district hearing officer's initial determination was untimely. Appellant also asserts that, pursuant to R.C. 4123.512, the court's decision to remand the matter to the Industrial Commission was erroneous.

Fax machines have become an essential tool of government and business as we approach the end of the century. The legal community, courts, and administrative agencies are just now beginning to formulate strategies to deal with this new technology. In this case, it appears that the Industrial Commission has attempted to set a bright-line test for the point at which an administrative appeal is filed pursuant to R.C. 4123.511: that being, the moment in time at which the agency attaches its file stamp to the document.

It is long been held that "[w]hen a paper is in good faith delivered to the proper officer to be filed, and by him received to be kept in its proper place in his office, it is 'filed.' The indorsement upon it by such officer of the fact and date of

filing is but evidence of such filing." *King v. Penn* (1885), 43 Ohio St. 57, 1 N.E. 84, paragraph four of the syllabus; accord *Ferrebee v. Boggs* (1969), 18 Ohio St.2d 87, 88, 47 O.O.2d 237, 247 N.E.2d 753, 754; *Fulton v. State ex rel. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 498, 5 O.O. 142, 144, 200 N.E. 636, 637. Cf. *Duffy v. Hamilton Cty. Bd. of Commrs.* (1994), 92 Ohio App.3d 717, 720–721, 637 N.E.2d 71, 72–73. In view of this definition, it seems clear that while the presence of an agency "time stamp" or "file stamp" would be evidence that a document was filed, the absence of such a stamp creates only a presumption that the document was not timely filed. As with any presumption, this conclusion may be dispelled by sufficient evidence.

■ In this matter, appellee presented to the common pleas court unrebutted evidence giving rise to a reasonable inference that his notice of appeal was timely delivered to the appropriate office. Upon such unrebutted evidence, a summary judgment may be granted. Civ.R. 56(E). Accordingly, appellant's principal assignment of error is found not well taken.

Concerning appellant's assertion that appellee's appeal from the district hearing officer was not timely, the common pleas court found this issue "moot" in light of its determination of the "file stamp" issue. "Moot" is perhaps an inaccurate term. Rather, it should be noted that the record of the commission in this matter is, at best, selective. Given such a record, we must conclude that either appellant failed to raise the issue at the administrative level, or if it did raise the issue, it was rejected. In the former instance, the point will be deemed waived. In the latter case, given the state of the record, we must presume the regularity of the proceeding. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1003; *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630. Accordingly, appellant's first assignment of error is not well taken.

■ Appellant, in its final assignment of error, asserts that the trial court erred in remanding the case to the Industrial Commission. According to appellant, once an appeal from the Industrial Commission is had, it is the court's mandatory responsibility to determine whether the claimant has a right to participate in the State Insurance Fund and the court has no discretion to remand the case to the commission. Appellee does not contest this point.

In support of this proposition, appellant cites *Green v. B.F. Goodrich Co.* (1993), 85 Ohio App.3d 223, 619 N.E.2d 497, and *Marcum v. Barry* (1991), 76 Ohio App.3d 536, 602 N.E.2d 419, both of which interpreted the now repealed R.C. 4123.519. When R.C. 4123.519 was repealed, however, its function transferred to R.C. 4123.512. 145 Ohio Laws, Part II, 2990. Although slightly rewritten, the new statute carries forward the language interpreted in these cases. Therefore,

the precedential value of *Green* and *Marcum* remains.  Accordingly, appellant's third assignment of error is found well taken.

Upon consideration whereof, the judgment of the Fulton County Court of Common Pleas is reversed in part and affirmed in part.  This cause is remanded to that court for determination of appellee's eligibility for participation in the Workers' Compensation Fund.  It is ordered that the parties divide equally the court costs of this appeal.

*Judgment accordingly.*

MELVIN L. RESNICK, P.J., and HANDWORK, J., concur.