OPINION
{¶ 1} This is an appeal from a summary judgment entered by the court of common pleas in a workers' compensation appeal, remanding the claim to the Industrial Commission for further proceedings on the merits of the claimant's request for workers' compensation benefits.
 {¶ 2} Plaintiff-Appellee, Lloyd Broyles, is employed by the City of Dayton as a firefighter. On January 10, 2001, Broyles was dispatched to a fire. While performing his duties, Broyles experienced exhaustion and was taken to Grandview Hospital. He was later released.
 {¶ 3} On January 12, 2001, an application for workers' compensation benefits was filed with the Bureau of Workers' Compensation ("Bureau") on Broyles' behalf, possibly by Grandview Hospital. In an order dated January 22, 2001, the Bureau denied the claim. No appeal of the denial was taken to the Industrial Commission.
 {¶ 4} A subsequent MRI revealed that Broyles suffered from brain lesions suggestive of bleeding. A new request for workers' compensation was filed, by Broyles, on September 19, 2001. The date of the claimed injury was the same as in the first claim: January 10, 2001.
 {¶ 5} The Bureau denied Broyles' second claim, finding that it involved the same facts as the first claim and therefore is barred by res judicata. Broyles appealed the finding to the Industrial Commission. A district hearing officer affirmed the Bureau, finding that res judicata barred Broyles' second claim. On review, a staff hearing officer held likewise.
 {¶ 6} Broyles filed an appeal of the Industrial Commission's decision to the court of common pleas pursuant to R.C. 4123.512. Broyles subsequently moved for summary judgment, arguing that res judicata cannot apply. The trial court agreed, granting a summary judgment for Broyles and remanding the claim to the Industrial Commission for further proceedings. The Bureau filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 7} "The trial court erred when it found that the case should be remanded to the industrial commission for further administrative hearing concerning the allowance of Broyles' claim."
 {¶ 8} This appeal and the arguments of the parties present two questions. First, may the common pleas court remand a workers' compensation claim appealed to it to the Industrial Commission instead of proceeding to determine the claim on its merits? Second, did the trial court err when it rejected the Industrial Commission's application of res judicata?
 {¶ 9} Addressing the second question first in order, we agree with the trial court that res judicata cannot bar the second claim that Broyles filed with the Bureau by virtue of the Bureau's prior rejection of Broyles' first claim.
 {¶ 10} A valid, final judgment rendered by a court of competent jurisdiction on the merits of a claim bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379. Even if the second claim that Broyles filed with the Bureau arose out of the same transaction or occurrence as his first, which it apparently did, the first determination must constitute a final judgment of a judicial or quasi-judicial tribunal in order for res judicata to apply.
 {¶ 11} The Administrator of the Bureau of Workers' Compensation is charged by R.C. 4121.39(A) to "review and process all applications for claims," to "[a]ward compensation and make payment on all noncontested claims," and to "[m]ake payment on orders of the industrial commission and (its) district and staff hearing officers as provided in section4123.511 of the Revised Code." R.C. 4123.511 authorizes the Industrial Commission to hear appeals from the Administrator's decisions and/or order or deny benefits accordingly.
 {¶ 12} The foregoing sections demonstrate that the duties of the Administrator of the Bureau of Workers' Compensation are wholly ministerial, not judicial. Therefore, decisions the Administrator makes cannot have any preclusive effect for purposes of res judicata. The trial court was correct when it so held, reversing the judgment of the Industrial Commission.
 {¶ 13} The question presented is more properly controlled by R.C. 4123.5111 (B)(1). That section provides that appeals to the Industrial Commission must be taken by the employer or the claimant within fourteen days from their receipt of the Bureau's decision. Broyles filed no appeal from the denial of the first claim, which could bar his second claim if it was on the same facts. However, that limitation is imposed on appeals by representatives of the parties to the claim. O.A.C. 4123-3-18. Because Broyles was not a party to the first claim the Bureau denied, his failure to file a timely appeal from the Bureau's decision denying that claim cannot bar the second claim he later filed.
 {¶ 14} With respect to the first question presented, we necessarily find that the common pleas court erred when it remanded the claim to the Industrial Commission for further proceedings.
 {¶ 15} R.C. 4123.512(D) provides that, upon a timely appeal to the court of common pleas, "[t]he court . . . shall determine the right of the claimant to participate . . . in the fund upon the evidence adduced at the hearing" which the court holds. We have construed this provision to prohibit remands to the Industrial Commission when an R.C. 4123.512
appeal to the court of common pleas has been taken. McCoy v.Administrator (June 27, 1997), Greene App. No. 96-CA-143. We have further held that the prohibition likewise applies when, as in the present case, and upon a procedural holding, the Industrial Commission made no determination concerning the merits of the claim. Williams v.Administrator (Nov. 9, 2000), Montgomery App. No. 18455. Then, the court must determine its merits, except with respect to extent of disability issues, in the de novo trial proceeding that R.C. 4123.512 contemplates. If the court in its judgment finds in favor of the claimant, it may then remand the case to the Bureau to determine the extent of the claimant's disability.
 {¶ 16} The assignment of error is sustained. The case is remanded to the court of common pleas for further proceedings consistent with this opinion.
Brogan, P.J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.