BENNETT, APPELLANT, *v.* ADMR., OHIO BUREAU OF WORKERS'
COMPENSATION ET AL., APPELLEES.

[Cite as *Bennett v. Admr., Ohio Bur. of Workers' Comp.,* 134 Ohio St.3d 329,
2012-Ohio-5639.]

*Workers' Compensation—Scope of R.C. 4123.512 trial—De novo nature of trial*
*pursuant to R.C. 4123.512 requires claimant to address all elements of a*
*claimant's right to participate in the workers' compensation fund—*
*Judgment affirmed.*

(No. 2011-0902—Submitted April 4, 2012—Decided December 5, 2012.)

APPEAL from the Court of Appeals for Lucas County,

No. L-10-1185, 2011-Ohio-1264.

_____

**CUPP, J.**

{¶ 1} This appeal presents issues regarding the scope of a workers' compensation appeal in common pleas court pursuant to R.C. 4123.512. Specifically, we must resolve whether in that proceeding to determine a claimant's right to participate in the workers' compensation fund, the court is limited to considering those issues that were specifically determined by the Industrial Commission below, or whether the de novo nature of the proceeding obligates the claimant to present and the court to consider all the evidence necessary for determining the claimant's right to participate.

{¶ 2} For the reasons that follow, we hold that the de novo nature of an R.C. 4123.512 appeal proceeding puts at issue all elements of a claimant's right to participate in the workers' compensation fund. We accordingly affirm the judgment of the court of appeals.

## I. Facts and Procedural History

{¶ 3} On February 28, 2006, appellant, Mark A. Bennett, was involved in an automobile accident while en route to the central office of his employer, Goodremont's, Inc., in Toledo. About a month later, Bennett filed a claim with the Bureau of Workers' Compensation ("BWC") for injuries to his head, neck, and back that he claimed to have suffered in the accident, along with his statement that he had been treated for a concussion and multiple disk herniation.[1] Bennett claimed that his main office was in his home and that therefore, he was on company business when he was injured en route to his employer's office. Goodremont's denied certification of the claim, asserting that the accident occurred while Bennett was commuting to work, and therefore, "his workday had not yet begun."

{¶ 4} The BWC issued an initial order disallowing the claim, stating, "The employee did not sustain an injury in the course of and arising out of employment. The employee was going to or coming from work." Upon Bennett's administrative appeal of that order, a district hearing officer for the Industrial Commission held a hearing and affirmed the order of the BWC disallowing the claim. Bennett appealed that order also, but a staff hearing officer for the Industrial Commission upheld the disallowance of the claim. Under R.C. 4123.511(E), the Industrial Commission declined to hear Bennett's further appeal. Its order informed Bennett of the opportunity to appeal to the common pleas court pursuant to R.C. 4123.512, adding that decisions as to the extent of disability are not appealable.

---

1. Bennett has filed in this court a supplement to his merit brief that contains several documents pertaining to the proceedings before the BWC and the Industrial Commission, including filed forms and administrative decisions. Many of the items in the supplement are not contained in the trial court record and normally would not be considered by this court for that reason. *See* S.Ct.Prac.R. 7.1(A) (a supplement is to contain portions of the "record"). However, the brief of the administrator of the BWC accepts the validity of these documents, and we therefore recognize their authenticity.

**{¶ 5}** Bennett then filed an R.C. 4123.512 petition in the Lucas County Court of Common Pleas, seeking a determination of his right to participate in the workers' compensation fund. Goodremont's and the administrator of the BWC filed separate motions for summary judgment, both asserting that Bennett's participation in the fund was foreclosed by the "coming-and-going rule" and that any injuries Bennett suffered while commuting to the office did not occur "in the course of, and arising out of," his employment pursuant to R.C. 4123.01(C). *See Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 119, 689 N.E.2d 917 (1998), paragraph one of the syllabus. The trial court accepted those arguments and granted the motions for summary judgment, determining that the coming-and-going rule barred Bennett's participation in the workers' compensation fund.

**{¶ 6}** Bennett appealed that ruling to the Sixth District Court of Appeals. The appellate court concluded that summary judgment was inappropriate, because viewed in a light most favorable to Bennett, the facts could support Bennett's claim that he had no fixed place of work and therefore had not been commuting on the day of the accident. The court reversed and remanded to the trial court for further proceedings. *Bennett v. Goodremont's, Inc.*, 6th Dist. No. L-08-1193, 2009-Ohio-2920, ¶ 20.

**{¶ 7}** Upon remand, the trial court held a bench trial, at which the BWC administrator asserted in his opening statement that Bennett had to show both an injury proximately caused by the accident and that he had been on company business at the time of the injury. But Bennett presented his case only on his contention that his workers' compensation claim was not barred by the coming-and-going rule. The BWC administrator then immediately moved for a directed verdict, arguing that because Bennett had failed to provide any evidence of a compensable medical condition or injury and failed to establish through expert medical evidence a causal connection between the accident and the injury,

Bennett had not sustained his burden to establish every element of his workers' compensation claim.

{¶ 8} Bennett opposed the motion by arguing that the nature of the injuries was not ripe for litigation and that the sole question before the court was whether the injury occurred in the course of Bennett's employment. The trial court took the directed-verdict motion under advisement. The administrator then presented evidence that Bennett had been commuting to work when the accident occurred and therefore could not participate in the workers' compensation fund. At the close of trial, the court ordered briefing on the issue of the scope of its review in the R.C. 4123.512 appeal.

{¶ 9} The trial court later granted the administrator's motion for a directed verdict. The trial court first concluded that Bennett had not been commuting at the time of the accident and therefore he was not precluded from participating in the workers' compensation fund. But the court then held, "Bennett did not present medical evidence to establish a compensable injury nor a causal relationship between such an injury and his accident" and so he "failed to establish he is entitled to participate in the workers' compensation fund."

{¶ 10} The Sixth District Court of Appeals affirmed. *Bennett v. Goodremont's, Inc.*, 6th Dist. No. L-10-1185, 2011-Ohio-1264, ¶ 1. That court first reviewed precedent establishing that (1) a trial court in an R.C. 4123.512 appeal from the Industrial Commission's denial of a workers' compensation claim has a duty to determine the claimant's right to participate in the workers' compensation fund in a trial de novo, citing *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 8-9, (2) a trial court has no discretion to remand the case to the Industrial Commission because "de novo" by definition precludes remand, (3) a trial court's decision pursuant to R.C. 4123.512 is based on the evidence presented to the court, not the evidence that was presented to the Industrial Commission, and (4) the claimant's right to participate in the fund is

predicated on showing by a preponderance of the evidence *both* that the injury arose out of and in the course of employment *and* that a causal relationship existed between the injury and the harm or disability. *Id.* at ¶ 11-12.

{¶ 11} The appellate court then applied that precedent to reject Bennett's claim that the trial court erred in placing the burden on him to establish any injury-relatedness or causation in his R.C. 4123.512 appeal because those issues were not considered in the administrative rulings. The court accordingly rejected Bennett's accompanying contention that the court should have remanded the cause to the Industrial Commission after ruling that the accident occurred in the course of his employment. The appellate court reiterated that a de novo proceeding precludes remand and held that Bennett's failure to establish a causal relationship between the accident and the claimed injury justified the trial court's grant of the administrator's directed-verdict motion. *Id.* at ¶ 13-14.

{¶ 12} Bennett's alternative argument, that he did present and/or the court could infer sufficient evidence of injury and its causation to create a question of fact on the issues was also rejected by the appellate court. *Id*. at ¶ 20. It held that Bennett had "failed to claim a specific injury for which he was seeking a right to participate in the fund, or provide any expert medical testimony showing a proximate causal relationship between any alleged injuries and his automobile accident." Id. at ¶ 21.

{¶ 13} We accepted Bennett's appeal under our discretionary jurisdiction for review of a single proposition of law. *Bennett v. Goodremont's, Inc.*, 129 Ohio St.3d 1487, 2011-Ohio-5129, 954 N.E.2d 661. That proposition asserts, "The only issue(s) to be considered in an R.C. 4123.512 appeal are those which were determined in the administrative order appealed."

## II. Analysis

{¶ 14} Under Civ.R. 50(A)(4), a motion for a directed verdict should be granted if "the trial court, after construing the evidence most strongly in favor of

the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Because a motion for a directed verdict presents a question of law, appellate review of a trial court's decision on the motion is de novo. *White v. Leimbach*, 131 Ohio St.3d 21, 2011-Ohio-6238, 959 N.E.2d 1033, ¶ 22; *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4.

{¶ 15} Bennett's essential argument is that the trial and appellate courts erred in their view of the scope of his R.C. 4123.512 appeal and that once the trial court determined that the accident occurred in the course of his employment, it should have remanded the case for further administrative proceedings. Bennett asserts that the trial court should not have placed an obligation on him to also establish any injury-related and causation aspects of his claim because the previous administrative consideration went solely to what he refers to as the basic "validity" of his claim and therefore did not address the "injury" aspects in any way.

{¶ 16} Bennett's arguments in this regard, however, fail to take into account the unique features of an R.C. 4123.512 appeal that differentiate it from other types of administrative appeals, and they ignore the extensive body of authoritative case law on the scope of an R.C. 4123.512 appeal that the lower courts here correctly applied.

{¶ 17} The starting points for our analysis are the long-established principles that an R.C. 4123.512 appeal is de novo, in which a claimant bears the burden of proving his or her right to participate in the workers' compensation fund regardless of an Industrial Commission decision. R.C. 4123.512(D), the controlling law, provides: "The court * * * shall determine the right of the claimant to participate in the fund upon the evidence adduced at the hearing of the action." *See also Benton v. Hamilton Cty. Educational Serv. Ctr.*, 123 Ohio St.3d

347, 2009-Ohio-4969, 916 N.E.2d 778, ¶ 14 ("appeal under R.C. 4123.512(D) involves a de novo review in which the claimant has the burden of proof" as to whether a claimant can participate in the fund); *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, ¶ 22 (in an R.C. 4123.512 appeal, "[o]ur opinions have consistently held" that a claimant "continues to carry the burden of initially filing the petition and proving her cause of action in what is essentially a trial de novo"); *Afrates v. Lorain*, 63 Ohio St.3d 22, 26, 584 N.E.2d 1175 (1992) (recognizing that appeals pursuant to former R.C. 4123.519 (now 4123.512)[2] are "subject to *de novo* review" while holding that the only decisions reviewable pursuant to the statute "are those decisions involving a claimant's right to participate or to continue to participate in the fund"); *Youghiogheny & Ohio Coal Co. v. Mayfield*, 11 Ohio St.3d. 70, 71, 464 N.E.2d 133 (1984) ("The appeal authorized by [former] R.C. 4123.519 [now 4123.512] is unique in that it is considered a trial *de novo*").

{¶ 18} Furthermore, to establish the right to participate in the fund, a claimant has always had to show by a preponderance of the evidence *both* that the injury arose out of and in the course of employment and that a proximate causal relationship existed between the injury and the harm or disability. *White Motor Corp. v. Moore*, 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), paragraph one of the syllabus; *Oswald v. Connor*, 16 Ohio St.3d 38, 41-42, 476 N.E.2d 658 (1985). *See Fox v. Indus. Comm.*, 162 Ohio St. 569, 125 N.E.2d 1 (1955), paragraph one of the syllabus.

---

2. Former R.C. 4123.519 was amended and renumbered as R.C. 4123.512, effective October 20, 1993. Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 2990, 3153-3156. For purposes here, the relevant statutory provisions are essentially the same.

**{¶ 19}** In *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 368, 691 N.E.2d 667 (1998),[3] this court explained that an R.C. 4123.512 appeal "necessitates a new trial, without reference to the administrative claim file or consideration of the results of the administrative hearings" and "is not a record review or an error proceeding." Rather, pursuant to the key final sentence of R.C. 4123.512(D), "[t]he court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."

**{¶ 20}** As especially significant to our inquiry, *Robinson* fully endorsed the following reasoning from *Marcum v. Barry*, 76 Ohio App.3d 536, 539-540, 602 N.E.2d 419 (10th Dist.1991), calling that analysis "particularly poignant":

> "Although labeled an appeal and commenced initially by the filing of a notice of appeal, the action in the common pleas court under R.C. 4123.519 [now 4123.512] seeking a redetermination of a decision of the Industrial Commission is not a traditional error proceeding[ ] * * *. R.C. 4123.519 [now 4123.512] contemplates not only a full and complete *de novo* determination of both facts and law but also contemplates that such determination shall be predicated not upon the evidence

---

3. The syllabus of *Robinson* held, "When an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employer's complaint without prejudice under Civ.R. 41(A)(2)." This holding, along with the holding in *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 704 N.E.2d 1212 (1999), regarding a claimant's ability to voluntarily dismiss an employer's R.C. 4123.512 appeal pursuant to Civ.R. 41(A)(1)(a), has since been superseded by statute. *See Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, ¶ 5 (R.C. 4123.512(D), as amended in 2006, now requires that in an employer appeal under R.C. 4123.512, "the claimant may not dismiss the complaint without the employer's consent"). This provision does not apply to claims that arose before August 25, 2006, the effective date of the amendment. *Id.* at ¶ 20. Discussion in *Robinson* regarding the nature of an R.C. 4123.512 appeal is not affected by this statutory amendment.

adduced before the Industrial Commission but, instead, upon evidence adduced before the common pleas court as in any civil action, which may involve a jury trial if demanded. The proceedings are *de novo* both in the sense of receipt of evidence and determination. The common pleas court, or the jury if it be the factual determiner, makes the determination *de novo* without consideration of, and without deference to, the decision of the Industrial Commission. R.C. 4123.519 [now 4123.512] contemplates a full *de novo* hearing and determination. * * *

"* * * With respect to an R.C. 4123.519 [now 4123.512] appeal, there are no words such as 'review, affirm, modify, or reverse' as are contained in R.C. 2505.02, nor even the word 'affirm' or the words 'reverse, vacate, or modify' as set forth in R.C. 119.12 with respect to administrative appeals generally. Rather, the express language of R.C. 4123.519 is that contained in division (C) [now section (D) of R.C. 4123.512] that the court or jury shall 'determine the right of the claimant to participate or to continue to participate in the fund *upon the evidence adduced at the hearing of the action.*' (Emphasis added.)" (Citations omitted.)

*Robinson,* 81 Ohio St.3d at 368, 691 N.E.2d 667.

{¶ 21} The specific issue before the Tenth District in *Marcum* was whether the entire case in an R.C. 4123.519 (now 4123.512) proceeding "is before the court of common pleas *de novo* so that all factual and legal issues are to be resolved by that court" or whether the appeal is an error proceeding in which the common pleas court, if it determines that a legal error is present, may remand the

9

matter to the Industrial Commission. *Id.*, 76 Ohio App.3d at 537, 602 N.E.2d 419.

{¶ 22} After setting forth the analysis quoted above in *Robinson*, the court in *Marcum* further concluded that the full and complete de novo nature of the appeal precludes a remand to the Industrial Commission in this situation:

> [A] court of common pleas in an appeal from a decision of the Industrial Commission has no power to remand the cause to the Industrial Commission for further proceedings—the equivalent of a new trial before the Industrial Commission. Nor is such power somehow conferred because the Industrial Commission applied the wrong rule of law in determining the matter upon its facts. There is a mandatory duty upon a court of common pleas to proceed to a final determination of the appealed issues, especially the right to participate in the Workers' Compensation Fund upon the law and the evidence adduced before that court. Such duty cannot be avoided by remand to the Industrial Commission.

*Id.* at 540-541.

{¶ 23} Other appellate courts have consistently held that a remand to the Industrial Commission is not an option generally available to the trial court in an R.C. 4123.512 appeal concerning a claimant's right to participate in the fund. *See, e.g., Green v. B.F. Goodrich Co.*, 85 Ohio App.3d 223, 226, 619 N.E.2d 497 (9th Dist.1993) ("the duty imposed upon the court by R.C. 4123.519(C) [now 4123.512(D)] is mandatory. By [the statute's] use of the word 'shall' the court is given no discretion to remand the case to the Industrial Commission for further proceedings, but must determine the claimant's right to participate in the fund"); *Aldridge v. LTV Steel Co.*, 5th Dist. No. 95-CA-0158, 1996 WL 74697, *1 (Jan.

29, 1996) (R.C. 4123.512 "does not authorize a court to remand an action back to the commission"); *Wagner v. Fulton Industries, Inc.*, 116 Ohio App.3d 51, 54, 686 N.E.2d 559 (6th Dist.1997) (once an appeal from the Industrial Commission is taken pursuant to R.C. 4123.512, it is the trial court's "mandatory responsibility to determine whether the claimant has a right to participate in the State Insurance Fund and the court has no discretion to remand the case to the commission"). *See also Broyles v. Conrad*, 2d Dist No. 20670, 2005-Ohio-2233, ¶ 15 (because R.C. 4123.512 prohibits remand to the Industrial Commission when the Industrial Commission made no determination on the merits of the claim, the trial court must determine the claim's merits, except as to the extent of disability, in the de novo trial required by R.C. 4123.512; if the court finds in favor of the claimant's right to participate, only then does the case return to the Industrial Commission for an administrative determination of the extent of the claimant's disability).

{¶ 24} Several treatises on Ohio law have recognized the force of these precedents. *See* 1 Philip Fulton, *Ohio Workers' Compensation Law*, Section 12.6 (Rev.Ed.2012) (extensively quoting the decision in *Marcum* and describing it as "an informative and extensive discussion concerning the status of [a] de novo trial" to explain *Marcum*'s holding "that the court of common pleas had no power to remand for a claim to produce the equivalent of a new trial before the Industrial Commission despite the Industrial Commission's application of the wrong rule of law in determining the matter upon its facts"); Jo Ann F. Wasil and Mark E. Mastrangelo, *Baldwin's Ohio Workers' Compensation Law*, Section 14:118 (2009) (citing *Marcum* and other precedent in recognizing that as a general rule, a common pleas court in an R.C. 4123.512 appeal "has no power to remand a cause to the Commission for further proceedings").

{¶ 25} Bennett bases much of his argument on *Ward*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. In *Ward*, we considered whether "the scope of an R.C. 4123.512 appeal is limited to the medical conditions addressed in the

order from which the appeal is taken." *Id.* at ¶ 6. We resolved that issue by holding that a "claimant in an R.C. 4123.512 appeal may seek to participate in the Workers' Compensation Fund only for those conditions that were addressed in the administrative order from which the appeal is taken." *Id.* at syllabus.

{¶ 26} *Ward* involved a discrete situation in which a specific medical condition was administratively considered and the claimant then attempted to add new conditions in his R.C. 4123.512 appeal. *See id.* at ¶ 1-3. The instant case does not involve that situation and is fundamentally distinguishable.

{¶ 27} *Ward,* which specifically recognized that "an R.C. 4123.512 appeal is a de novo determination of fact, and law," *id.* at ¶ 7, *see also id.* at ¶ 8, does not call into question the extensive authorities relied on by the trial court and the court of appeals here. As the appellate court in this case stated when it denied Bennett's motion for reconsideration and rejected his arguments based on *Ward*: "*Ward* pertained to alleging new medical conditions. Such was not the scenario involved in the instant case. In addition, *Ward* reflects that a claimant must state a specific medical injury or condition as the basis of seeking compensation from the fund. The record clearly reflects that appellant failed to do so."

{¶ 28} If Bennett had prevailed at some level in the administrative proceedings on the question of his accident's occurring in the course of his employment, in order to establish his right to participate in the fund, he would have been required to administratively prove the injury-related and causation aspects of his claim at whatever stage in the administrative proceedings he received a ruling in his favor on the course-of-employment question. *See Starkey v. Builders FirstSource Ohio Valley, L.L.C.*, 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, ¶ 15 (claimants "must submit a medical diagnosis of an injury at the administrative level to prevail" and must "establish a causal connection between the documented physical harm and the industrial injury for it to be compensable"). R.C. 4123.512, with the requirement that a trial court

12

conduct a de novo consideration upon the evidence presented at the hearing before it in order to determine a claimant's right to participate in the fund, supports the conclusion that a claimant continues to bear the obligation to establish all aspects of the right to participate through the appeal to common pleas court. A trial court's consideration in an R.C. 4123.512 appeal does not involve weighing evidence regarding the extent of a claimant's disability. Instead, the right to participate is a separate matter that the claimant must establish in the de novo proceeding conducted under R.C. 4123.512.

{¶ 29} Bennett's arguments are based to a considerable degree on the contention that an R.C. 4123.512 appeal is similar to administrative appeals in other contexts taken pursuant to different statutory authority. However, these arguments are conclusively rebutted by a comparison of the provisions of R.C. 4123.512 to the provisions of a typical administrative-appeal statute such as R.C. 119.12, as explained in *Marcum* in the analysis adopted by this court in *Robinson*. *See Robinson*, 81 Ohio St.3d at 368, 691 N.E.2d 667, quoting *Marcum*, 76 Ohio App.3d at 539, 602 N.E.2d 419 (words such as " 'affirm, * * * reverse, vacate, or modify,' " which appear in R.C. 119.12, are absent from R.C. 4123.512).

{¶ 30} An R.C. 4123.512 appeal is by no means a "typical" administrative appeal, but is a distinctive appeal with unique characteristics. The legal analysis employed by the court of appeals in this case was in accord with the provisions of R.C. 4123.512 and with the relevant precedent, which properly delineates the scope of an R.C. 4123.512 appeal. The lower courts correctly determined that a remand for additional administrative proceedings upon the trial court's conclusion that the coming-and-going rule did not bar participation in the fund was not an option under the controlling law. The fundamentals of the de novo appeal under R.C. 4123.512 required Bennett to establish his right to participate in the fund, including the injury-related and causation aspects of his claim relevant to that question, in the common pleas court.

### III. Conclusion

{¶ 31} For all the above reasons, we determine that the trial court and court of appeals were correct in their analysis of the specifics of a claimant's burden in an R.C. 4123.512 appeal proceeding. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FISCHER, and MCGEE BROWN, JJ., concur.

LANZINGER, J., not participating.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

PATRICK F. FISCHER, J., of the First Appellate District, sitting for LANZINGER, J.

_____

**PFEIFER, J., dissenting.**

{¶ 32} This case had been fought for *years* through every level of the worker's compensation system, through the trial court on appeal, to the court of appeals, and back to the trial court over one issue: whether appellant, Mark Bennett, was in the course of his employment when his car was rear-ended and he was injured on his way to his employer's place of business. At every level, this case had been about the "coming-and-going rule" and its application to Bennett. It had been about that rule to such an extent that Bennett's employer and the Industrial Commission had never disputed that Bennett was, in fact, injured in the car accident.

{¶ 33} Finally, more than four years after Bennett's accident, the factual issue of whether the accident occurred when Bennett was working—or was merely on his way to work—was to be settled by the trial judge. But then came a "Gotcha" moment: after Bennett presented his evidence, counsel for appellee administrator, Bureau of Workers' Compensation ("BWC") moved for a directed

verdict. He argued that Bennett had not proven an injury or that the accident was a direct and proximate cause of his injury. What had never been an issue suddenly became the deciding issue in the case. The trial court did not rule on the motion immediately, but after posttrial briefing, ruled in the favor of the administrator.

{¶ 34} I would hold that the issue of Bennett's injury was conceded by his employer and the administrator, and based upon the trial court's holding that Bennett was indeed injured in the course of his employment, I would order this case back to the BWC for a determination of the extent of Bennett's injury.

{¶ 35} From the beginning and throughout this entire case, Bennett's injury has been conceded. In its answer to Bennett's petition/complaint, Goodremont's admitted that Bennett had been injured in the accident at issue. Paragraph four of Bennett's complaint reads: "As a result of the collision, Mr. Bennett suffered bodily injuries, required and requires medical treatment, has had a loss of income and has been disabled."

{¶ 36} The answer of Goodremont's reads at paragraph four: "*Goodremont's states that Mr. Bennett was injured on February 28, 2006*, but otherwise denies the allegations in paragraph 4 of the Complaint for want of knowledge sufficient to form a belief as to the truth thereof." (Emphasis added.)

{¶ 37} In a motion for summary judgment filed on July 20, 2007, the appellees admitted that Bennett had been injured. Whether Bennett was injured played no part at all in their motion for summary judgment. And they made a statement that would be repeated over and over again throughout the life of the case, acknowledging Bennett's injury:

{¶ 38} "At approximately 7:42 a.m. on February 28, 2006, Bennett was injured when his vehicle was rear-ended by another driver while Bennett was stopped at an on-ramp yield sign off of Central Ave. waiting to enter the on-ramp to Northbound I-475."

**{¶ 39}** On September 12, 2007, appellees made a further admission of Bennett's injury. In a motion in limine (attached as an appendix), the appellees requested the trial court to "exclude the admission and presentation of any evidence, including witness testimony and any and all documents, at trial * * * concerning the extent of Plaintiff's injuries and the cost of related medical services resulting from the motor vehicle accident in which Plaintiff, Mark Bennett * * * was involved on February 28, 2006 on the grounds that such evidence is irrelevant to the sole issue in this case—whether Plaintiff is entitled to participate in the Ohio Workers' Compensation Fund, such evidence is barred by the Civil Rules, and such evidence would be needlessly time-consuming at trial."

**{¶ 40}** The appellees framed the issue as solely about the "coming and going" rule. "[T]he extent of Bennett's injuries is not at issue in this case * * *. Therefore, [those witnesses] cannot possibly have any relevant information concerning the purely legal issue in this case—whether the motor vehicle accident at issue * * * occurred in the course of and arose from Bennett's employment at Goodremont's."

**{¶ 41}** The appellees also made a familiar admission in that motion: "On February 28, 2006, Bennett was involved in a motor vehicle accident while driving his personal vehicle on his way from his home to Goodremont's Toledo office for a customer demonstration scheduled to take place that morning. (Mark Bennett Deposition Transcript, filed in this case on July 18, 2007, pp. 20-21.) Bennett was injured at 7:42 a.m. on February 28, 2006, when his vehicle was rear-ended by another driver while Bennett was stopped at an on-ramp yield sign off of Central Ave. waiting to enter the on-ramp to Northbound I-475. (id. pp. 19-20)."

**{¶ 42}** The appellees wrote that Bennett had already provided evidence of his injuries: "Bennett's responses to discovery requests served by undersigned counsel for Goodremont's, Inc. and by undersigned counsel for the Administrator of the BWC included detailed information and medical records concerning the

extent of Bennett's injuries and the cost of related medical services allegedly resulting from those injuries."

{¶ 43} The appellees asked for other documents and witnesses to be excluded: "Therefore, because medical records, medical expenses incurred, and the testimony of Bennett's relatives and former co-workers at a previous job are not relevant to the sole issue before this Court, all such testimony and documents should be excluded from trial under Ohio Rule of Evidence 402 [relevant evidence is generally admissible]." Does not requesting a ban on evidence of the extent of the injury constitute an admission that there is, in fact, an injury?

{¶ 44} The trial court never ruled on the motion in limine, and it was never withdrawn. But the trial court did grant appellees' motion for summary judgment, deciding the issue entirely on the "coming and going" rule. Yet the court did note that Bennett had suffered an injury, writing, "At 7:42 a.m. on that day, February 28, 2006, Mr. Bennett sustained injuries while in his automobile on his way to the office when another driver rear-ended him. (Bennett depo. 19-20)."

{¶ 45} Bennett sought reversal of that summary judgment at the court of appeals and won. The court held:

> On the basis of these facts, a reasonable factfinder might well conclude that Bennett's employment situs was non-fixed, in which case the coming-and-going rule would not apply to preclude recovery for Bennett. Because there remains a genuine issue of fact with respect to this issue, the trial court's granting of summary judgment on the basis of the coming-and-going rule was clearly inappropriate.

*Bennett v. Goodremont's, Inc.*, 6th Dist. No. L-08-1193, 2009-Ohio-2920, ¶ 20. The case was remanded to the trial court.

**{¶ 46}** In interrogatories filed with the court on February 18, 2010, appellees asked Bennett: "State with specificity the injury(ies) and/or medical conditions that are alleged as being compensable and are the subject of this appeal." Bennett responded, "I received back and neck injuries resulting in surgery. I am presently totally disabled."

**{¶ 47}** Finally, during the trial on April 16, 2010, the shocked counsel for the administrator realized that Bennett was never injured at all and moved for a directed verdict. Four good years of litigation wasted over a fellow who was never even hurt!

**{¶ 48}** What followed was a second trip to the appellate court and a trip to this court to battle over an elemental fact that everyone involved in this case actually agrees on: Bennett was hurt. The appellees should be irretrievably bound to the admissions they consistently made throughout this case, and this case should be over.

**{¶ 49}** In arriving at its conclusion that the judgment of the Sixth District Court of Appeals should be affirmed, the majority engages in a discussion of this court's decision in *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 368, 691 N.E.2d 667 (1998), and instruction it finds in the Tenth District Court of Appeals case of *Marcum v. Barry*, 76 Ohio App.3d 536, 539-540, 602 N.E.2d 419 (10th Dist.1991). Informative, but not useful in this matter. Neither party disputes that if Bennett had prevailed, this matter would necessarily be returned to the Industrial Commission and ultimately to the BWC for an administrative determination of the level of benefits and compensation appropriate for Bennett's injuries. *See* R.C. 4123.512(G). That would be the case no matter what evidence Bennett could have presented at trial regarding his specific medical injuries. The *real* decision about the compensation due Bennett would come from the BWC.

**{¶ 50}** The supposed de novo nature of the trial—"de novo" does not appear in R.C. 4123.512—in this case is vastly overstated. The injuries a claimant can allege at trial are controlled by what he alleged at the BWC, and the verdict in the trial has no real meaning until it becomes the holding of the BWC and it makes its decision regarding compensation. The de novo trial is bookended and controlled by what happens at the BWC. Only the barest proof of injury is necessary at trial.

**{¶ 51}** This matter has been twice to a trial court and twice to the Sixth District Court of Appeals and now to this court, without any BWC administrative determination on the injuries—which still remains a prerequisite to any compensation award to Bennett. That was the exact argument advanced by the defendants to preclude injury and medical testimony on the R.C. 4123.512 appeal by Bennett. After losing their "coming and going" arguments in this case, the defendants ask this court to convert the sword they wielded in their motion in limine into a shield from liability when Bennett accepted their position and did not offer his medical evidence at trial.

**{¶ 52}** The cases discussed in the majority opinion bear no relationship to the facts and procedural posture of Bennett's claim for compensation. The majority opinion allows the defendants here to set a "bear trap" for Bennett by ignoring the admissions contained throughout the litigation and in their motion in limine. Perhaps one should not be surprised that there are employers and attorneys in this state that are comfortable with the legal subterfuge present in this case. It is quite a surprise that the attorney general and the BWC/Industrial Commission would not just go along for the ride, but actively participate. This is not just a case of justice delayed; it is most certainly a case of justice denied. I dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Kennedy, Purdy, Hoeffel & Gernert, L.L.C., and Paul E. Hoeffel, for appellant.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Elisabeth A. Long and Matthew P. Hampton, Deputy Solicitors, and Joshua W. Lanzinger, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Workers' Compensation.

_____

**THE APPENDIX TO JUSTICE PFEIFER'S DISSENTING OPINION**
**APPEARS ON THE FOLLOWING PAGES**



FILED
LUCAS COUNTY

2007 SEP 12 P 3: 51

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS



## IN THE COURT OF COMMON PLEAS, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| Mark A. Bennett, | ) | Case No. CI06-5864 |
| Plaintiff-Appellant, | ) | Judge Charles J. Doneghy |
| v. | ) | |
| The Administrator of the Bureau of Workers' Compensation, et al., | ) | **DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE IRRELEVANT MATTERS AT TRIAL** |
| Defendants-Appellees. | ) | |
| | ) | Roman Arce (0059887) |
| | | James H. Irmen (0033697) |
| | ) | Attorneys for Goodremont's, Inc. |
| | | **MARSHALL & MELHORN, LLC** |
| | ) | 420 Madison Ave., Suite 1100 |
| | | Toledo, OH 43604 |
| | ) | arce@marshall-melhorn.com |
| | | (419) 254-4300 |
| | ) | (419) 254-4310 (Fax) |

Defendants, Goodremont's, Inc. and the Administrator of the Bureau of Workers' Compensation, by and through their respective counsel of record, hereby submit this Motion in Limine to exclude the admission and presentation of any evidence, including witness testimony and any and all documents, at trial (scheduled for September 19, 2007) concerning the extent of Plaintiff's injuries and the cost of related medical services resulting from the motor vehicle accident in which Plaintiff, Mark Bennett (hereafter, "Bennett"), was involved on February 28,

1

2006 on the grounds that such evidence is irrelevant to the sole issue in this case – whether Plaintiff is entitled to participate in the Ohio Workers' Compensation Fund, such evidence is barred by the Civil Rules, and such evidence would be needlessly time-consuming at trial.

## FACTS

On February 28, 2006, Bennett was involved in a motor vehicle accident while driving his personal vehicle on his way from his home to Goodremont's Toledo office for a customer demonstration scheduled to take place that morning. (Mark Bennett Deposition Transcript, filed in this case on July 18, 2007, pp. 20-21.) Bennett was injured at 7:42 a.m. on February 28, 2006, when his vehicle was rear-ended by another driver while Bennett was stopped at an on-ramp yield sign off of Central Ave. waiting to enter the on-ramp to Northbound I-475. (*Id.* pp. 19-20). The route Bennett took that morning was the normal route he took from his home in Swanton to Goodremont's Toledo office, and the 9:00 a.m. customer demonstration scheduled that morning was Bennett's first appointment of the day. (*Id.* pp. 20-21, 23).

On March 29, 2006, Bennett filed a workers' compensation claim based on the motor vehicle accident injuries he sustained on February 28, 2006 while on his way to work, and by subsequent decisions of a District Hearing Officer, a Staff Hearing Officer, and the Industrial Commission of Ohio, Bennett's workers' compensation claim was denied in its entirety. (See Bennett's Petition and Defendants' Answers, per R.C. 4123.512, filed in this case.)

In this appeal, pursuant to R.C. 4123.512, Bennett seeks to participate in the Ohio Workers' Compensation Fund for the injuries he sustained in the February 28, 2006 motor vehicle accident.

2

## BENNETT'S WITNESS LIST AND DISCOVERY RESPONSES

Bennett's witness list, filed in this case on July 27, 2007, lists the following witnesses, among others, who Bennett intends to call to testify at the trial scheduled for September 19, 2007:

Rick Haitian (Ricoh Sales Manager)

Dave Nemer (Ricoh General Manager)

Antoinette (Toni) Bennett (Bennett's wife)

Kathy Bennett (Bennett's stepmother)

Keith Bennett (Bennett's father)

Connie Emahiser (Bennett's mother);

Victoria Incorvaia (Bennett's sister-in-law)

Joseph Iozzo (Bennett's brother-in-law)

Michael Iozzo (Bennett's father-in-law)

Priscilla Iozza (Bennett's mother-in-law)

Adam Potts (Bennett's brother-in-law)

Kim Potts (Bennett's stepsister)

Bennett's responses to discovery requests served by undersigned counsel for Goodremont's, Inc. and by undersigned counsel for the Administrator of the BWC included detailed information and medical records concerning the extent of Bennett's injuries and the cost of related medical services allegedly resulting from those injuries.

## ARGUMENT

Defendants believe that Bennett's family members, listed above, intend to testify as to the extent of Bennett's injuries. However, the extent of Bennett's injuries is not at issue in

3

this case, and none of Bennett's above-listed relatives are former employees of Goodremont's. Therefore, they cannot possibly have any relevant information concerning the purely legal issue in this case – whether the motor vehicle accident at issue, wherein Bennett was the sole occupant of his personal automobile on his way to work, occurred in the course of and arose from Bennett's employment with Goodremont's.

In addition, two of the witnesses listed above are apparently employees of one of Bennett's former employers, Ricoh copier company, and they too cannot possibly have any relevant information concerning the legal issue in this case.

Courts have broad discretion in ruling on the admissibility of evidence, and the granting of a motion in limine rests within the sound discretion of the trial court. "As related to trial, a motion in limine is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury." *Riverside Methodist Hosp. Ass'n of Ohio v. Guthrie* (1982), 3 Ohio App. 3d 308, 310. Motions in limine serve the interest of judicial economy, the interest of counsel, and the interest of the parties by helping to reduce the possibility of injecting error or prejudice into the proceedings. *State v. Grubb* (1986), 28 Ohio St. 3d 199, 201.

Ohio Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Therefore, if witness testimony has the tendency to strengthen or weaken a party's stance on an issue before the Court, it should be admitted.

4

24

However, R.C. 4123.512, which is the sole basis for this proceeding, provides that, "[T]he claimant … may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupation disease case, *other than a decision as to the extent of disability* to the court of common pleas[.]" [Emphasis added.]

Therefore, in this appeal pursuant to R.C. 4123.512, any and all evidence of the extent of Bennett's injuries and alleged resulting disability is not relevant to whether Bennett's injury is compensable under Ohio law. The plain language of R.C. 4123.512 makes clear that the compensability of Bennett's motor vehicle accident is the sole issue in this case, while the extent of disability, even if Bennett prevails in this appeal, is an entirely separate issue that can only be addressed and decided by the BWC/Industrial Commission. This means that even if Bennett prevailed in this appeal (which would be legal error), the result would be nothing more than the allowance of his BWC claim. This Court, however, *could not* decide which medical conditions to allow, whether to award Bennett any temporary total disability (TTD) or other type of compensation, or the extent to which Bennett's claimed medical expenses are for reasonable and necessary to treat the allowed conditions. All such issues would have to be decided in the first instance by the BWC/Industrial Commission even if Bennett prevailed in this appeal.

Therefore, because medical records, medical expenses incurred, and the testimony of Bennett's relatives and former co-workers at a previous job are not relevant to the sole issue before this Court, all such testimony and documents should be excluded from trial under Ohio Rule of Evidence 402.

In addition, Ohio Rule of Evidence 403 provides for *mandatory* exclusion of relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

5

Here, permitting the trier of fact consider irrelevant information concerning the extent of Bennett's injuries and alleged disability would undoubtedly confuse, mislead, and unfairly prejudice the fact finder's evaluation of whether or not the motor vehicle accident at issue occurred in the course of and arose from Bennett's employment with Goodremont's, Inc.

Therefore, under both Evidence Rules 402 and 403, this Court should exclude all proffered testimony and documents concerning the extent of Bennett's injuries and alleged disability from the trial in this case.

Respectfully Submitted,

Roman Arce
Attorney for Defendant, Goodremont's, Inc.

Joshua W. Lanzinger by Roman Arce
Joshua W. Lanzinger
Attorney for Defendant, Administrator of the
Bureau of Workers' Compensation

**CERTIFICATE OF SERVICE**

A copy of the foregoing Joint Motion in Limine was sent by First Class U.S. mail postage prepaid this ___12___ day of September, 2007 to counsel for Plaintiff-Appellant, Paul E. Hoeffel, Esq., KENNEDY, PURDY, HOEFFEL & GERNERT, LLC, 111 West Rensselaer Street, P.O. Box 191, Bucyrus, Ohio 44820, and was also sent to counsel for Defendant-Appellee, Joshua W. Lanzinger, Assistant Attorney General, One Government Center, Suite 1340, Toledo, Ohio 43604-2261.

Roman Arce
Attorney for Defendant Goodremont's, Inc.

6