[Cite as *Hornschemeier v. Buehrer*, 2017-Ohio-7021.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

DWAYNE G. HORNSCHEMEIER,                :

   Plaintiff-Appellant,                :          CASE NO.   CA2016-11-079

                                       :                  O P I N I O N
- vs -                                                       7/31/2017

                                       :

STEPHEN BUEHRER, ADMINISTRATOR,    :
OHIO BUREAU OF WORKERS'
COMPENSATION, et al.,                   :

   Defendants-Appellees.               :


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014CVD1261


Fox & Fox Co., L.P.A., Bernard C. Fox, Jr., M. Christopher Kneflin, P.O. Box 207, Amelia, Ohio 45102, for plaintiff-appellant

Michael DeWine, Ohio Attorney General, Steven P. Fixler, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for defendant-appellee, Stephen Buehrer

Scherner & Sybert, LLC, Brant K. Rhoad, Matthew S. Goff, 153 South Liberty Street, Powell, Ohio 43065, for defendant-appellee, Access Management, LLC


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Dwayne Hornschemeier, appeals the decision of the Clermont County Court of Common Pleas, affirming the denial of his workers' compensation appeal. For the reasons detailed below, we affirm.

{¶ 2}   Appellant injured his right knee while working for Access Management, LLC and subsequently filed a workers' compensation claim.   Appellant's claim was allowed for the following conditions: "sprain right knee; lateral meniscus tear right knee; loose bodies right knee."  The Industrial Commission, however, disallowed appellant's claim for chondromalacia of the right knee.

{¶ 3}   Appellant filed an appeal and complaint with the Clermont County Court of Common Pleas pursuant to R.C. 4123.512.  Prior to trial, the Industrial Commission allowed a new claim for osteoarthritis of the right knee.  The appeal on the claim for chondromalacia of the right knee was still pending at the time that the osteoarthritis condition was approved.

{¶ 4}   The matter continued on the issue of whether the Bureau of Workers' Compensation ("BWC") improperly disallowed appellant's claim for chondromalacia of the right knee.  A trial was held before a magistrate in which the only testimony introduced was from appellant and his orthopedic surgeon. The magistrate found in favor of appellant and concluded that appellant's claim for chondromalacia of the right knee should have been allowed.

{¶ 5}   The BWC filed objections to the magistrate's decision.  The trial court found the objections to be well-taken and declined to adopt the magistrate's decision.  In so holding, the trial court found that the testimony of appellant's orthopedic surgeon could only support a finding that chondromalacia and osteoarthritis were "the same condition."  Because appellant's claim for osteoarthritis of the right knee had been allowed by the BWC, the trial court found that the doctrine of res judicata applied.  Accordingly, the trial court found in favor of BWC and did not allow for the additional claim of chondromalacia of the right knee. Appellant now appeals the decision of the trial court, raising three assignments of error for review.

{¶ 6}   Assignment of Error No. 1:

{¶ 7}   THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE DOCTRINE OF *RES JUDICATA* IN THIS CASE AS THE REQUIREMENTS FOR THIS DEFENSE ARE NOT SATISFIED.

{¶ 8}   Assignment of Error No. 2:

{¶ 9}   THE TRIAL COURT'S RATIONALE IN ITS DECISION LEADS TO THE CONCLUSION THAT CHONDROMALACIA CAN'T BE DISALLOWED AND TO DO SO RUNS AFOUL OF THE WORKERS' COMPENSATION JURISDICTIONAL REQUIREMENTS.

{¶ 10}   Assignment of Error No. 3:

{¶ 11}   THE DECISION OF THE TRIAL COURT CANNOT STAND AS IT FRUSTRATES PUBLIC POLICY AND THE UNDERLYING PURPOSE OF THE WORKERS' COMPENSATION SYSTEM.

{¶ 12}   Appellant claims the trial court erred by finding that chondromalacia and osteoarthritis are the same condition.  Therefore, appellant claims that the trial court erred by applying the principles of res judicata and disallowing the additional claim for chondromalacia.  We agree that res judicata was not the appropriate method of resolution. Nevertheless, in reviewing the record, we conclude the trial court did not err by disallowing the claim.

{¶ 13}   The Ohio Supreme Court, citing long-established principles, has stated that "an R.C. 4123.512 appeal is de novo, in which a claimant bears the burden of proving his or her right to participate in the workers' compensation fund regardless of an Industrial Commission decision." *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 17.   R.C. 4123.512(D) provides that "[t]he court * * * shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."

{¶ 14} To establish a right to participate in the workers' compensation fund, a claimant must show by a preponderance of the evidence: (1) an injury received in the course of, and arising out of, employment, and (2) a proximate causal relationship between the injury and the harm or disability. *Bennett* at ¶ 18; *Strickler v. City of Columbus*, 10th Dist. Franklin No. 13AP-464, 2014-Ohio-1380, ¶ 8.

{¶ 15} This court reviews the trial court's decision denying appellant's right to participate under a manifest weight of the evidence standard. *Moore v. Buehrer*, 1st Dist. Hamilton No. C-140413, 2015-Ohio-3969, ¶ 9. When reviewing the manifest weight of the evidence, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20.

{¶ 16} Based on our review, we conclude the trial court did not err by disallowing the chondromalacia claim. As previously noted, there is no dispute that appellant was injured while on the job. Appellant was allowed to participate in the fund for several reasons, including osteoarthritis of the right knee, but disallowed for the condition of right knee chondromalacia. Therefore, appellant is participating in the fund for his right knee osteoarthritis. The sole issue is whether appellant should also be able to participate in the fund for chondromalacia of the same knee.

{¶ 17} This is a case where appellant failed to sustain his burden of proof on the issue. The only evidence of appellant's chondromalacia comes from the testimony of his orthopedic surgeon. The surgeon testified that he diagnosed appellant with a right knee sprain and right knee arthritis. Following an MRI, the surgeon testified that appellant "had a lot of inflammation and a high-grade chondromalacia in the lateral joint compartment of his

knee." The questioning then continued:

Q. Okay. In English what does that mean?

A. Chondromalacia is a form of arthritis. There's stage 1 through 4, and 4 being the most severe it's down to raw bone, 1 is the most mild it's a fraying of the articular cartilage.

Appellant's attorney again asked the surgeon about any distinction between chondromalacia and osteoarthritis:

Q. Okay. And what is the difference between chondromalacia and osteoarthritis?

A. Basically, it's a form of arthritis.

Q. Okay. So, they're the same thing basically?

A. Same thing, yeah.

{¶ 18} The distinction between chondromalacia and osteoarthritis was not further discussed in the testimony. Furthermore, there are no other medical records, supporting testimonies, or any other evidence in the record to clarify the distinction between chondromalacia and osteoarthritis.

{¶ 19} As noted above, an R.C. 4123.512 appeal is de novo and the claimant bears the burden of proving his right to participate in the fund regardless of the Industrial Commission decision. It is undisputed that appellant is participating in the fund for osteoarthritis of the right knee. The only evidence before the trial court was that osteoarthritis and chondromalacia were the "same thing." This court's review is limited to consideration of the facts in the record. Based on the facts of this case, this court has no other evidence to rely on and therefore we find that appellant has failed to meet his necessary burden of proof with respect to the chondromalacia claim. This issue is dispositive as to appellant's three assignments of error. Accordingly, we find appellant's three assignments of error are without merit and hereby overruled.

{¶ 20}   Judgment affirmed.


S. POWELL, P.J., and PIPER, J., concur.